# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

---------------------------------------------------------- x
: Chapter 11
In re: :
: Case No. 23-90794 (DRJ)
BARRETTS MINERALS INC., :
: Tax I.D. No. 13-3678715
Debtor. :
:
: **(Emergency Hearing Requested)**
---------------------------------------------------------- x
: Chapter 11
In re: :
: Case No. 23-90793 (DRJ)
BARRETTS VENTURES TEXAS LLC, :
: Tax I.D. No. 93-3290787
Debtor. :
:
: **(Emergency Hearing Requested)**
---------------------------------------------------------- x

## DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES

> **Emergency relief has been requested. Relief is requested not later than 1:30 p.m. (prevailing Central Time) on October 3, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on October 3, 2023 at 1:30 p.m. (prevailing Central Time) in Courtroom 400, 4th floor, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Jones' conference room number is 205691. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Jones' home page. The meeting code is "JudgeJones". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Jones' home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") respectfully represent as follows in support of this emergency motion (this "**Motion**"):

## RELIEF REQUESTED

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto (the "**Order**"): authorizing the joint administration of the Debtors' chapter 11 cases (the "**Chapter 11 Cases**") for procedural purposes only. The Debtors request that the Court maintain one file and one docket for the jointly-administered cases under the case of Barretts Minerals Inc. and that the Court administer the Chapter 11 Cases under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

---------------------------------------------------------- x
                                            :
In re:                                      :   Chapter 11
                                            :
BARRETTS MINERALS INC., *et al.*,[1]        :   Case No. 23-90794 (DRJ)
                                            :
            Debtors.                        :   (Jointly Administered)
                                            :
---------------------------------------------------------- x

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Barretts Minerals Inc. (8715) and Barretts Ventures Texas LLC (0787). The Debtors' address is 5605 North MacArthur Boulevard, Suite 1000, PMB 139, Irving, Texas 75038.

Footnote 1 referenced in such caption will include the Debtors' names, as well as the last four digits of each Debtor's tax identification number and the Debtors' mailing address.

2

2. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code (the "**Bankruptcy Code**").

3. In addition, the Debtors request that the Court make a separate docket entry on the case docket of Debtor Barretts Ventures Texas LLC, substantially as follows:

> An order has been entered in this case, in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Bankruptcy Local Rules for the Southern District of Texas, consolidating this case with the case of Barretts Minerals Inc., Case No. 23-90794, for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 23-23-90794 should be consulted for all matters affecting this case.

## JURISDICTION AND VENUE

4. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order or judgment by the Court in connection with this Motion.

5. Venue is proper before the Court pursuant to 28 U.S.C. § 1408.

6. The statutory and legal predicates for the relief requested herein are sections 101(2), 105(a), and 342 of the Bankruptcy Code, Rules 1015(b) and 6003 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 1015-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

## BACKGROUND

7. On the date hereof (the "**Petition Date**"), the Debtors commenced with the Court the Chapter 11 Cases under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in the Chapter 11 Cases.

8.  The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the circumstances leading to the commencement of the Chapter 11 Cases, is set forth in detail in the *Declaration of David J. Gordon, Chief Restructuring Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**")[1] filed contemporaneously herewith and is incorporated herein by reference.[2]

## BASIS FOR RELIEF

9.  Bankruptcy Rule 1015(b) provides that "if . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates" of the debtor and such affiliates. *See* Fed. R. Bankr. P. 1015(b). Section 101(2) of the Bankruptcy Code, in turn, defines the term "affiliate" in pertinent part, as follows:

> (A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;
>
> (B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;
>
> (C) person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or
>
> (D) entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

11 U.S.C. § 101(2).

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the First Day Declaration.

[2] The First Day Declaration and other relevant case information is available on the following website maintained by the Debtors' proposed claims and noticing agent, Stretto, Inc.: https://cases.stretto.com/BMI.

10. Further, Bankruptcy Local Rule 1015-1 provides for joint administration if the following prerequisites are satisfied:

> (a) Motions and proposed orders for joint administration should itemize the requested relief. The motion and order must be in the form published on the court's website.
>
> (b) A motion for joint administration must be made to the judge with the lowest case number.

S.D. Tex. Bankr. L.R. 1015-1.

11. In addition, section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

12. The Debtors in the Chapter 11 Cases are Barretts Minerals Inc. and its subsidiary, Barretts Ventures Texas LLC. Barretts Minerals Inc. is the direct, sole owner of Barretts Ventures Texas LLC. As such, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). Accordingly, joint administration of the Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

13. Joint administration of the Chapter 11 Cases will save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed in the Chapter 11 Cases and (b) file the papers in one case. Moreover, the Court will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Also, joint administration will ease the burden on the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") in supervising the Chapter 11 Cases.

14. Moreover, joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for both of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates.

15. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. In addition, all creditors will benefit from the reduction in costs that will result from joint administration.

16. For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, and other parties in interest and, therefore, should be granted.

## EMERGENCY CONSIDERATION

17. The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Local Rule 9013-1(i) and Bankruptcy Rule 6003, which authorize a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." The Debtors believe that an immediate and orderly transition into chapter 11 is critical to the viability of their operations and the success of the Chapter 11 Cases. This Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance. The relief will save costs and avoid undue administrative burden and confusion only if granted immediately. As such, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003,

and the Debtors believe that emergency consideration is necessary and respectfully request that this Motion be heard at the Debtors' first day hearing.

### NOTICE

18. Notice of this Motion will be provided to (a) the U.S. Trustee; (b) the firms listed on the Debtors' list of the top 26 law firms with the most significant representations of parties asserting talc claims against the Debtors; (c) the holders of the 10 largest unsecured claims against the Debtors (excluding talc claims); (d) counsel to the prepetition representative for future talc claimants; (e) counsel to the proposed DIP Lender; (f) the United States Attorney's Office for the Southern District of Texas; (g) the Internal Revenue Service; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is required or needed under the circumstances.

[*The remainder of this page is left intentionally blank*]

WHEREFORE, the Debtors respectfully request entry of the Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

| | |
|---|---|
| Dated: October 2, 2023<br>Houston, Texas | Respectfully Submitted,<br>*/s/ John F. Higgins*<br>**PORTER HEDGES LLP**<br>John F. Higgins (TX Bar No. 09597500)<br>Megan Young-John (TX Bar No. 24088700)<br>Bryan L. Rochelle (TX Bar No. 24107979)<br>James A. Keefe (TX Bar No. 24122842)<br>1000 Main Street, 36th Floor<br>Houston, Texas 77002<br>Telephone: (713) 226-6000<br>Email: jhiggins@porterhedges.com<br>         myoung-john@porterhedges.com<br>         brochelle@porterhedges.com<br>         jkeefe@porterhedges.com<br><br>-and-<br><br>**LATHAM & WATKINS LLP**<br>Jeffrey E. Bjork (*pro hac vice* admission pending)<br>Kimberly A. Posin (*pro hac vice* admission pending)<br>Helena G. Tseregounis (*pro hac vice* admission pending)<br>Shawn P. Hansen (*pro hac vice* admission pending)<br>355 South Grand Avenue, Suite 100<br>Los Angeles, CA 90071<br>Telephone: (213) 485-1234<br>Email:   jeff.bjork@lw.com<br>         kim.posin@lw.com<br>         helena.tseregounis@lw.com<br>         shawn.hansen@lw.com<br><br>George A. Davis (*pro hac vice* admission pending)<br>Anu Yerramalli (*pro hac vice* admission pending)<br>Jonathan J. Weichselbaum (*pro hac vice* admission pending)<br>Alexandra M. Zablocki (*pro hac vice* admission pending)<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1200<br>Email:   george.davis@lw.com<br>         anu.yerramalli@lw.com<br>         jon.weichselbaum@lw.com<br>         alexandra.zablocki@lw.com<br><br>*Proposed Counsel for Debtors and Debtors in Possession* |

## CERTIFICATE OF ACCURACY

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Local Rule 9013-1(i).

*/s/ John F. Higgins*
John F. Higgins

## CERTIFICATE OF SERVICE

I certify that on October 2, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

*/s/ John F. Higgins*
John F. Higgins