**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| BARRETTS MINERALS INC., *et al.*,[1] | Case No. 23-90794 (MI) |
| Debtors. | (Jointly Administered) |
| BARRETTS MINERALS, INC*., et al.*, | |
| Plaintiffs, | |
| v. | Adv. Pro. No. 23-03225 |
| THOSE PARTIES LISTED IN APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000, | **Ref: Docket No. 92** |
| Defendants. | |

**PFIZER INC.'S MOTION TO CLARIFY THE FEBRUARY 5, 2024 ORDER (I)**
**DECLARING THAT THE AUTOMATIC STAY PROHIBITS CERTAIN ACTIONS OR,**
**IN THE ALTERNATIVE, (II) PRELIMINARILY ENJOINING SUCH ACTIONS**
**PURSUANT TO 11 U.S.C. § 105**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on March 4, 2024 at 11:00 a.m. (CT) in Courtroom 404, 4th floor, 515 Rusk Street, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Barretts Minerals Inc. (8715) and Barretts Ventures Texas LLC (0787). The Debtors' address is 5605 North McArthur Boulevard, Suite 1000, PMB 139, Irving, Texas 75038.

> or click the link on Judge Isgur's home page.  The meeting code is "JudgeIsgur".  Click
> the settings icon in the upper right corner and enter your name under the personal
> information setting.
>
> Hearing appearances must be made electronically in advance of both electronic and
> in-person hearings.  To make your appearance, click the "Electronic Appearance" link
> on Judge Isgur's home page.  Select the case name, complete the required fields and click
> "Submit" to complete your appearance.

Pfizer Inc. ("**Pfizer**") by and through its undersigned counsel, respectfully submits this motion to clarify (the "**Motion**") the *Order (I) Declaring That the Automatic Stay Prohibits Certain Actions Or, In the Alternative, (II) Preliminarily Enjoining Such Actions Pursuant To 11 U.S.C. § 105* [Adv. Doc. No. 92] (the "**Order**").[2]  In support of the Motion, Pfizer respectfully states as follows:

### Preliminary Statement

1.      Pfizer takes no position on the dispute between the Official Committee of Unsecured Creditors ("**Committee**") and Debtors regarding the scope of the automatic stay and/or preliminary injunction related to suits by talc plaintiffs against BMI Affiliates.  Pfizer files this motion solely for the purpose of clarifying the Order by including the following **agreed** language in paragraph 6 of Debtors' proposed order [Adv. Doc. 89-1] (the "**Agreed Language**"), which the Debtors specifically included in their proposed order to resolve Pfizer's informal objection to their October 9, 2023 *Emergency Motion for (I) an Order (A) Declaring that the Automatic Stay Prohibits Certain Actions Against Non-Debtors or, in the Alternative, (B) Preliminarily Enjoining Such Actions Pursuant to 11 U.S.C. § 105, and (II) a Temporary Restraining Order Enjoining Certain Actions Against Non-Debtors* [Adv. Doc. No. 2] (the "**PI Motion**"):

> Nothing in this Order shall limit, restrict, restrain or otherwise enjoin Pfizer Inc. from enforcing its rights, if any, including commencing action against MTI in respect of that certain Reorganization Agreement between Pfizer Inc. and MTI, dated as of September 28, 1992, as amended.  For the avoidance of doubt, all parties' rights are preserved as to the application of section 362(a) of the

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Order.

Bankruptcy Code to any such enforcement by Pfizer against MTI and neither MTI nor any Debtor shall be deemed to have waived the application of the automatic stay with respect to any such enforcement.  Nor should this Order be read to bar any actions pending against Pfizer or to be filed against Pfizer.

2.      Debtors neither named Pfizer as a defendant in the adversary proceeding nor addressed potential claims by Pfizer against non-debtor Mineral Technologies Inc. ("**MTI**") in the PI Motion.  The scope of the relief Debtors sought in the PI Motion, however, could arguably be construed as broad enough to cover Pfizer's enforcement of its rights against MTI under the 1992 Reorganization Agreement between Pfizer and MTI, as amended ("**Reorganization Agreement**").  Pfizer and MTI are the only two parties to the Reorganization Agreement, and Pfizer and MTI have a dispute regarding MTI's denial and non-payment of its indemnification obligations owed to Pfizer in connection with losses and defense costs Pfizer has incurred in the defense and settlement of certain talc claims.  Pfizer's claim is against MTI and only MTI, not either of the Debtors.

3.      On October 10, 2023, the day after Debtors filed the PI Motion, Pfizer conferred with Debtors to clarify the scope of the relief Debtors were seeking.  Debtors confirmed that they were not seeking relief against Pfizer and asked Pfizer to propose clarifying language to be included in a proposed order.  Pfizer and Debtors ultimately agreed to the Agreed Language, which does not enlarge or abridge any rights or defenses of Pfizer, MTI, Debtors, or any other party.[3]

4.      Pfizer again raised its concerns about the scope of the relief sought in the PI Motion in a statement filed with the Court on October 11, 2023, and in oral statements on the record before the Court at the October 11, 2023 hearing.  In these statements, Pfizer noted that it had discussed

---

[3] Pfizer filed the *Statement of Pfizer Inc. Concerning the PI Motion* [Adv. Doc. No. 9] describing the resolution of Pfizer's informal objection, which included the Agreed Language and the basis of Pfizer's concerns.  Pfizer's statement is attached as Exhibit A.

its concerns with Debtors, that Debtors had clarified that they were not seeking relief against Pfizer, and that Debtors assented to the Agreed Language.

5.      The Court acknowledged Pfizer's concerns and invited the parties to include the Agreed Language in an agreed order.

6.      The Agreed Language was subsequently included in two agreed interim orders that granted Debtors temporarily relief pending resolution of the PI Motion.

7.      In reliance on Debtors' agreement to include the Agreed Language clarifying that the PI Motion did not affect Pfizer's rights, Pfizer did not oppose the PI Motion.  The question of what, if any, limitations may apply to Pfizer's enforcement of its rights against MTI pursuant to the Reorganization Agreement has neither been litigated nor decided.  The intent of the Agreed Language was for all parties to reserve their respective rights.

8.      Prior to Debtors' submission of their proposed final order regarding the PI Motion, Pfizer's counsel communicated with Debtors' counsel to confirm that the Agreed Language would be included in the proposed order.  Debtors' proposed order did in fact include the Agreed Language.  Pfizer was never made aware of any disagreement between Debtors and the Committee regarding the inclusion of the Agreed Language.  The Committee filed a proposed order without the Agreed Language on Friday, February 2, 2024.  On Monday, February 5, 2024, the Court entered the Order, which did not include the Agreed Language.

9.      Pfizer's counsel immediately approached counsel to Debtors and the Committee to address Pfizer's concerns about the Order's omission of the Agreed Language.  Pfizer's counsel proposed that Pfizer, Debtors, and the Committee submit an agreed request to clarify the Order by inserting the Agreed Language.  Debtors' counsel did not express any objection.  The Committee's

counsel stated that they would take Pfizer's proposal under consideration and speak with their client, but ultimately did not agree.

10.     In this adversary proceeding, the Debtors are the plaintiffs and the Committee is the defendant.  The Debtors have agreed to clarify that the relief they are requesting does not extend to Pfizer in any way.  The Committee does not have standing to expand the scope of Debtors' relief.

11.     Given that the Agreed Language specifically resolved Pfizer's informal objection to the PI Motion and, in reliance thereof, Pfizer did not object to the PI Motion or file responsive pleadings, Pfizer respectfully requests that the Court clarify the Order by including the Agreed Language.

<u>**Background**</u>

**I.      Pfizer's Relationship to MTI**

12.     In 1992, Pfizer and its then-subsidiary MTI entered into the Reorganization Agreement to reorganize MTI from a wholly-owned subsidiary of Pfizer to an independent company owning the specialty minerals business of Pfizer.  In connection with the reorganization, Pfizer transferred substantially all the assets of its specialty minerals business to MTI and its subsidiaries.  This transfer included talc mines in Montana transferred from Pfizer to MTI's subsidiary and current debtor, Barretts Minerals Inc.  The Reorganization Agreement is between MTI and Pfizer only; BMI is not a party.

13.     As is customary in divestitures and M&A transactions, MTI took responsibility and indemnifies Pfizer for all liabilities arising from the transferred businesses after MTI became an independent, publicly-traded company in 1992.  Under the Reorganization Agreement, MTI agreed to indemnify Pfizer for all liabilities from the transferred businesses other than certain

liabilities Pfizer expressly retained in the Reorganization Agreement.  The liabilities retained by Pfizer are, in relevant part, for "any product liability lawsuits or claims … to the extent they allege damages or injury from the use or handling of, or exposure to, any product sold by the Business prior to the Reorganization Date [October 23, 1992]."

14.    Over the course of thirty years, MTI consistently acknowledged in its correspondence and dealings with Pfizer that MTI was required to indemnify Pfizer for liabilities arising out of its sale of talc after MTI became an independent, publicly-traded company in 1992, including for the post-Reorganization Date portion of claims by a claimant alleging exposure to talc from MTI's businesses both before and after the Reorganization Date ("**Crossover Claims**" or "**Crossover Cases**").

15.    For years in its correspondence and dealings with Pfizer (a) MTI acknowledged that it owed indemnity obligations for Crossover Claims, (b) MTI itself proposed to Pfizer allocations of defense and settlements/judgments in each Crossover Case based on a time-on-the-risk allocation of allegations in each such case, and (c) MTI paid its share of joint defense costs in Crossover Cases based on a time-on-the-risk allocation as between the pre-Reorganization Date and post-Reorganization Date time periods.

16.    Prior to June 2023, MTI did not deny – and, in fact, acknowledged – responsibility for the post-Reorganization Date part of such claims.  For the first time in June 2023, however, MTI reversed course and suddenly denied any indemnity responsibility for Crossover Claims. There is thus a significant dispute between Pfizer and MTI over their respective indemnification obligations under the Reorganization Agreement.[4]

---

[4] There is additionally a dispute over past-due indemnity owed by MTI to Pfizer in connection with prior settlements of Crossover Cases.  While acknowledging its indemnification obligations to Pfizer on Crossover Claims and paying its proportionate share of joint defense fees and costs, MTI interposed various meritless objections to Pfizer's demands for indemnification.  Thus, notwithstanding Pfizer's negotiation and funding of numerous settlements of Crossover

17.     The Reorganization Agreement is a bipartite agreement between Pfizer and MTI, both non-debtors.  Pfizer's claims against MTI are ***direct*** contractual claims subject to New York law that are solely against a non-debtor, MTI.

## II.     Prior Agreements on the Debtors' Injunction Motion

18.     On October 9, 2023, Debtors filed the PI Motion to seek a declaration that the automatic stay applies to or, in the alternative, requested a preliminary injunction against "Covered Actions," which was defined to include, among other things, "any actions during the pendency of these Chapter 11 Cases that in any way relate to or arise out of the talc mined, beneficiated, processed, or sold by BMI … as against Mineral Technologies Inc. ('MTI'), Specialty Minerals Inc. ('SMI'), and any other non-debtor subsidiaries of MTI (the 'MTI Affiliates' and, together with MTI and SMI, the 'BMI Affiliates')."

19.     Pfizer is not named as a defendant in the adversary proceeding and the PI Motion does not address potential claims by Pfizer against MTI pursuant to the Reorganization Agreement.

20.     The definition of "Covered Actions" in the PI Motion, however, can arguably be construed to enjoin a suit by Pfizer against MTI to enforce Pfizer's contractual indemnity rights under the Reorganization Agreement.  In conversations between Pfizer's counsel and Debtors' counsel immediately following the filing of the PI Motion, Debtors assured Pfizer that it was not their intent to seek relief against Pfizer in the PI Motion.  In multiple email and phone communications on October 10 and 11, 2023, Pfizer and MTI subsequently negotiated and approved the Agreed Language, which confirms that the PI Motion does not seek relief against Pfizer and reserves the rights of all parties.

---

Cases that included full and final releases of MTI and its subsidiaries, MTI has not paid Pfizer a penny for its share of these settlements.

21.     Pfizer filed the Statement of Pfizer Inc. Concerning the PI Motion on October 11, 2023 to reserve Pfizer's right to assert indemnification-related claims against MTI and to request that any order regarding Debtors' PI Motion include the Agreed Language [Adv. Doc. No. 9]. Pfizer's October 11, 2023 statement is attached as **Exhibit A**.

22.     Pfizer's counsel also addressed these issues before the Court at the October 11, 2023 hearing regarding the PI Motion:

> MR. WANG: We initially had concerns about some of the language in the proposed order that was submitted with the adversary proceeding papers.  But we were able to reach out to Debtors' counsel and confirm that they are not seeking in the present application to stay or enjoin or alter Pfizer's rights, whatever they may be, in any way, and all parties, both sides reserve their rights in that regard.

> THE COURT: Certainly.  Do you want—do you want to see what will be a very—and hopefully it will be what I call a very skinny order, not—in other words not very long, do you want to see this order before it gets submitted to me?

Hr'g Tr. 17: 12-22, Oct. 11, 2023.  The October 11, 2023 transcript is attached as **Exhibit B**.

23.     Following the October 11, 2023 hearing regarding the PI Motion, Pfizer and Debtors further conferred by email and telephone on October 12, 13, 14, and 16 regarding the form of a proposed order, which Debtors filed on October 18, 2023 [Adv. Doc. No. 15].

24.     On October 19, 2023, the Court entered the *Agreed Order Enjoining Certain Actions Against Non-Debtors* [Adv. Doc. No. 16], which included the Agreed Language in paragraph 8.

25.     Pfizer continued to follow up with the Debtors about the inclusion of the Agreed Language.  On November 8, 2023, Debtors proposed an agreed interim order that was intended to replace the prior agreed interim order dated October 19, 2023.  Debtors' initial proposed order did not include the Agreed Language.  After Pfizer's counsel pointed this out to Debtors' counsel,

Debtors' counsel acknowledged that the omission of the Agreed Language was an inadvertent oversight and confirmed that they would correct the omission, which they did.

26.     On November 15, 2023, the Court entered the *Further Agreed Order Enjoining Certain Against Non-Debtors* [Adv. Doc. No. 44], which included the Agreed Language in paragraph 7.

27.     On December 8, 2023, the Court held an evidentiary hearing on the PI Motion. Pfizer did not oppose the PI Motion or otherwise question or present argument because it relied on Debtors' agreement to the Agreed Language, which was included in the October 19, 2023 and November 15, 2023 orders and which Pfizer understood would be included in the final order.

28.     At no point in time following the December 8, 2023 hearing was Pfizer informed by anyone that there was any concern or issue with the inclusion of the Agreed Language.

29.     On Friday February 2, 2024, Debtors and the Committee filed competing proposed orders implementing the Court's oral ruling from the December 8, 2023 hearing on the PI Motion. Debtors' proposed order included the Agreed Language [Adv. Doc. No. 89-1].  The Committee's proposed order did not include the Agreed Language [Adv. Doc. No. 89-2].

30.     On Monday, February 5, 2024, the Court entered the Order, which does not include the Agreed Language [Adv. Doc. No. 92].

31.     Pfizer's counsel has conferred with counsel for Debtors and for the Committee. Debtors' counsel has not expressed any objection to Pfizer's proposed clarification.  The Committee has not agreed to Pfizer's proposed clarification.

## Argument and Relief Requested

32.     Debtors have repeatedly agreed that the PI Motion does not seek to alter any rights Pfizer may have to enforce its rights against MTI under the Reorganization Agreement.

Debtors/MTI and Pfizer have expressly agreed to reserve all of their rights and defenses vis-à-vis one another, including on the applicability of the automatic stay to any indemnity action by Pfizer against MTI and/or the appropriateness of a preliminary injunction against such an action.  This agreement is memorialized in the Agreed Language.  The Agreed Language eliminates any ambiguity in the Order on this point.

33.    The Committee's disagreement with the inclusion of the Agreed Language should be given no weight, as the Committee's opposition to the PI Motion does not give it a basis to *expand* the relief sought by Debtors.

34.    Moreover, if the Order is intended to apply to Pfizer's enforcement of its rights against MTI, Pfizer has not had reasonable notice or an opportunity to be heard with respect to such relief.  Debtors' agreement to the Agreed Language, statements at the October 11 hearing, and the Court's inclusion of the Agreed Language in two interim orders confirmed that Pfizer's objection had been resolved and the Debtors were not requesting or seeking relief that would limit Pfizer's rights by filing the PI Motion.

35.    The Court has authority to grant this relief pursuant to its inherent authority to "interpret and enforce its own orders to ensure their proper execution."  *In re Rodriguez*, 252 F.3d 435, 2001 WL 360713, *3 (5th Cir. 2001).  Moreover, this Court has previously considered motions to clarify in other circumstances.  *E.g.*, *In re LaForta Gestão E Investimentos Sociedade Unipessoal LDA*, Case No. 22-90126 [Docket No. 238] (Bankr. S.D. Tex. 2023) (Jones, J.) (granting motion to clarify and implementing new, requested language); *In re GWG Holdings, Inc.*, Case No. 22-90032 [Docket No. 445] (Bankr. S.D. Tex. 2022) (Isgur, J.) (granting contested motion to clarify creditor matrix order); *In re Pearl Resources LLC*, Case No. 20-31585 [Docket No. 331] (Bankr. S.D. Tex. 2020) (Rodriguez, J.) (granting motion to clarify confirmation order).

36.     Accordingly, Pfizer respectfully requests that, consistent with Debtors' agreement, the Court clarify the Order with the following Agreed Language:

> Nothing in this Order shall limit, restrict, restrain or otherwise enjoin Pfizer Inc. from enforcing its rights, if any, including commencing action against MTI in respect of that certain Reorganization Agreement between Pfizer Inc. and MTI, dated as of September 28, 1992, as amended.  For the avoidance of doubt, all parties' rights are preserved as to the application of section 362(a) of the Bankruptcy Code to any such enforcement by Pfizer against MTI and neither MTI nor any Debtor shall be deemed to have waived the application of the automatic stay with respect to any such enforcement.  Nor should this Order be read to bar any actions pending against Pfizer or to be filed against Pfizer.

A proposed order is attached to this motion ("**<u>Proposed Order</u>**").

## Conclusion

**WHEREFORE**, Pfizer respectfully requests that the Court (i) clarify the Order by entering the Proposed Order substantially in the form attached hereto and (ii) grant such further relief as the Court deems just and proper.

Dated: February 9, 2024

Respectfully submitted,

By: /s/ Charles A. Beckham, Jr.
**HAYNES AND BOONE, LLP**
Charles A. Beckham, Jr. (TX Bar No. 02016600)
Arsalan Muhammad (TX Bar No. 24074771)
Imaan Patel (TX Bar No. 24139247)
1221 McKinney Street, Suite 4000
Houston, TX 77010
Telephone: 713.547.2000
Email: charles.beckham@haynesboone.com
Email: arsalan.muhammad@haynesboone.com
Email: imaan.patel@haynesboone.com

-and-

Martha Wyrick (TX Bar No. 24101606)
2801 N. Harwood Street, Suite 2300
Dallas, TX 75201
Telephone: 214.651.5000
Email: martha.wyrick@haynesboone.com

**SIMPSON THACHER & BARTLETT LLP**
Lynn K. Neuner (admitted *pro hac vice*)
Michael H. Torkin (admitted *pro hac vice*)
George S. Wang (admitted *pro hac vice*)
Anthony C. Piccirillo (admitted *pro hac vice*)
Jamie J. Fell (admitted *pro hac vice*)
425 Lexington Avenue
New York, NY 10017
Telephone: 212.455.2000
Email: lneuner@stblaw.com
Email: michael.torkin@stblaw.com
Email: gwang@stblaw.com
Email: anthony.piccirillo@stblaw.com
Email: jamie.fell@stblaw.com

*Counsel to Pfizer Inc.*

### <u>Certificate of Service</u>

I certify that, on February 9, 2024, I caused a copy of the foregoing document to be served on all parties listed in the Master Service List dated January 31, 2024 by electronic transmission via ECF for all registered ECF users appearing in the case, and via email, as applicable, to the parties listed below.

*/s/ Charles A. Beckham, Jr.*
Charles A. Beckham, Jr.

**SERVICE LIST**
**VIA E-MAIL:**

A PLUS ELECTRIC MOTOR INC
FDEALAMAN@IPS.US

AMERICAN WELDING AND GAS INC
ATTN CHARLES BEAL
CHUCK.BEAL@AWGGASES.COM
SHANE.GELLING@AMWELDING.COM

BELLUCK AND FOX LAW FIRM
ATTN: JOSEPH BELLUCK
JFOX@BELLUCKFOX.COM

BNSF RAILWAY COMPANY
JILL MULLIGAN, CHIEF LEGAL OFFICER
KRISTI.GREEN@BNSF.COM

COHEN, PLACITELLA & ROTH, P.C.
ATTN: CHRISTOPHER M. PLACITELLA
CPLACITELLA@CPRLAW.COM

DEAN OMAR BRANHAM SHIRLEY, LLP
ATTN: JESSICA DEAN
JDEAN@DOBSLEGAL.COM

DEBLASE BROWN EYERLY LLP
ATTN: ERIC BROWN
BROWN@DBELEGAL.COM

DISTRICT OF COLUMBIA OFFICE OF THE ATTORNEY GENERAL
OAG@DC.GOV

DUFFY LAW, LLC
ATTN: CHRISTOPHER DUFFY
DUFFY@CPDUFFYLAW.COM

DURHAM, PITTARD & SPALDING, LLP
ATTN: JUSTIN R. KAUFMAN
JKAUFMAN@DPSLAWGROUP.COM

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC
ATTN: BRIAN P. KENNEY BKENNEY@ELSLAW.COM

FROST LAW FIRM, PC

ATTN: SCOTT L. FROST
SCOTT@FROSTLAWFIRM.COM

IOLA GALERSTON LLP
ATTN: RANDY IOLA
RIOLA@IOLAGALERSTON.COM

KAZAN, MCCLAIN, SATTERLEY & GREENWOOD
ATTN: STEVEN KAZAN
SKAZAN@KAZANLAW.COM

LANIER LAW FIRM
ATTN: MARK LANIER
INFO@LANIERLAWFIRM.COM

LEVY KONIGSBERG, LLP
ATTN: MOSHE MAIMON
MMAIMON@LEVYLAW.COM

LOWENSTEIN SANDLER LLP
ATTN: ROBERT HIRSH, FRAN SKOLLER,
JORDANA RENERT, ERICA MANNIX &
JAMELLE STRAKER
RHIRSH@LOWENSTEIN.COM
FSKOLLER@LOWENSTEIN.COM
JRENERT@LOWENSTEIN.COM
EMANNIX@LOWENSTEIN.COM
JSTRAKER@LOWENSTEIN.COM

MATAGORDA COUNTY
C/O LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
HOUSTON_BANKRUPTCY@LGBS.COM

MCDERMOTT & HICKEY LLC
ATTN: KEVIN MCDERMOTT
KEVIN@MCDERMOTTHICKEYLAW.COM

MEIROWITZ & WASSERBERG, LLP
ATTN: SAMUEL MEIROWITZ
SAM@MWINJURYLAW.COM

METSO OUTOTEC USA INC
ATTN NINA KIVIRANTA, GENERAL COUNSEL
GBS.NA.AR@METSO.COM
AMANDA.HAMILTON@METSO.COM

MOLLERS NORTH AMERICA INC
MIKE INGRAHAM
M.INGRAHAM@MOLLERSNA.COM

MONTANA MINERALS TRANSPORTATION LLC
KEITH HOKANSON
KEITH@AMWELLES.COM

MULTIFAB INC
TIM SMITH, PRESIDENT
BM@MULTIFAB.US

REBECCA S. VINOCUR, P.A.
ATTN: REBECCA S. VINOCUR
RVINOCUR@RSV-LAW.COM

REBISH/KONEN LIVESTOCK LIMITED PARTNERSHIP
CATHERINE KONEN
CJKONEN@HOTMAIL.COM

SHEPARD LAW FIRM
ATTN: MICHAEL SHEPARD
INFO@SHEPARDLAWFIRM.COM
BANKRUPTCYDEPT@SHEPARDLAWFIRM.COM

SIMMONS HANLY CONROY LLP
ATTN: NICHOLAS J. ANGELIDES
NANGELIDES@SIMMONSFIRM.COM

SIMON GREENSTONE PANATIER, P.C.
ATTN: DAVID GREENSTONE
DGREENSTONE@SGPBLAW.COM

STATE OF ALABAMA OFFICE OF THE ATTORNEY GENERAL
CONSUMERINTEREST@ALABAMAAG.GOV

STATE OF ALASKA OFFICE OF THE ATTORNEY GENERAL
ATTORNEY.GENERAL@ALASKA.GOV

STATE OF ARIZONA OFFICE OF THE ATTORNEY GENERAL
AGINFO@AZAG.GOV

STATE OF ARKANSAS OFFICE OF THE ATTORNEY GENERAL
OAG@ARKANSASAG.GOV

STATE OF CALIFORNIA OFFICE OF THE ATTORNEY GENERAL
XAVIER.BECERRA@DOJ.CA.GOV

STATE OF COLORADO OFFICE OF THE ATTORNEY GENERAL
CORA.REQUEST@COAG.GOV

STATE OF CONNECTICUT OFFICE OF THE ATTORNEY GENERAL
ATTORNEY.GENERAL@CT.GOV

STATE OF HAWAII OFFICE OF THE ATTORNEY GENERAL
HAWAIIAG@HAWAII.GOV

STATE OF IDAHO OFFICE OF THE ATTORNEY GENERAL
BANKRUPTCY@AG.IDAHO.GOV

STATE OF ILLINOIS OFFICE OF THE ATTORNEY GENERAL
MICHELLE@LISAMADIGAN.ORG

STATE OF IOWA OFFICE OF THE ATTORNEY GENERAL
CONSUMER@AG.IOWA.GOV

STATE OF KANSAS ATTN: ATTORNEY GENERAL DEREK SCHMIDT
DEREK.SCHMIDT@AG.KS.GOV

STATE OF LOUISIANA
DEPT. OF JUSTICE - ATTORNEY GENERAL'S OFFICE
ADMININFO@AG.STATE.LA.US

STATE OF MAINE OFFICE OF THE ATTORNEY GENERAL
ATTORNEY.GENERAL@MAINE.GOV

STATE OF MARYLAND OFFICE OF THE ATTORNEY GENERAL
OAG@OAG.STATE.MD.US

STATE OF MISSOURI OFFICE OF THE ATTORNEY GENERAL
CONSUMER.HELP@AGO.MO.GOV

STATE OF MONTANA OFFICE OF THE ATTORNEY GENERAL
CONTACTDOJ@MT.GOV

STATE OF NEW HAMPSHIRE OFFICE OF THE ATTORNEY GENERAL
ATTORNEYGENERAL@DOJ.NH.GOV

STATE OF NORTH DAKOTA OFFICE OF THE ATTORNEY GENERAL
NDAG@ND.GOV

STATE OF OKLAHOMA OFFICE OF THE ATTORNEY GENERAL
QUESTIONS@OAG.OK.GOV

STATE OF OREGON OFFICE OF THE ATTORNEY GENERAL
ATTORNEYGENERAL@DOJ.STATE.OR.US

STATE OF RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL
AG@RIAG.RI.GOV

STATE OF UTAH
OFFICE OF THE ATTORNEY GENERAL, SEAN D. REYES
UAG@UTAH.GOV

STATE OF VERMONT OFFICE OF THE ATTORNEY GENERAL
AGO.INFO@VERMONT.GOV

STATE OF WEST VIRGINIA OFFICE OF THE ATTORNEY GENERAL
CONSUMER@WVAGO.GOV

THE DEATON LAW FIRM
ATTN: JOHN E. DEATON
ALL-DEATON@DEATONLAWFIRM.COM

THE FERRARO LAW FIRM, P.A.
ATTN: JAMES L. FERRARO
JLF@FERRAROLAW.COM

THE GORI LAW FIRM, P.C.
ATTN: SARA M. SALGER
SARA@GORILAW.COM

THE LAW OFFICES OF KAPUSTA & SCHWEERS LLC
ATTN: CORI J. KAPUSTA
KAPUSTA@KSLAWPGH.COM

THORNTON LAW FIRM ATTN: MICHAEL THORNTON
MTHORNTON@TENLAW.COM

UNION PACIFIC RAILROAD COMPANY
ATTN: CHRISTINE A NEUHARTH
CANEUHAR@UP.COM

US ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF TEXAS
ATTN: JENNIFER LOWERY
USATXS.ATTY@USDOJ.GOV

WATERS KRAUS & PAUL
ATTN: PETER KRAUS
KRAUS@WATERSKRAUS.COM

WEITZ & LUXENBERG, P.C.
ATTN: PERRY WEITZ
PWEITZ@WEITZLUX.COM

WESTERN STATES EQUIPMENT COMPANY
ATTN: BAILEY GRIFFITH
BAILEY.GRIFFITH@WSECO.COM

WORTHINGTON AND CARON, P.C.
ATTN: JOHN M. CARON
JOHN@WORTHINGTONCARON.COM