**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| BARRETTS MINERALS INC., *et al.*,[1] | Case No. 23-90794 (MI) |
| Debtors. | (Jointly Administered) |
| | |
| BARRETTS MINERALS INC., *et al.*, | |
| Plaintiffs, | |
| v. | Adv. Pro. No. 23-03225 |
| THOSE PARTIES LISTED IN APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000, | |
| Defendants. | |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'**
**OBJECTION TO PFIZER INC.'S MOTION TO CLARIFY THE FEBRUARY 5, 2024**
**ORDER (I) DECLARING THAT THE AUTOMATIC STAY PROHIBITS**
**CERTAIN ACTIONS OR, IN THE ALTERNATIVE, (II) PRELIMINARILY**
**ENJOINING SUCH ACTIONS PURSUANT TO 11 U.S.C. § 105**

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the

above-captioned chapter 11 cases of Barretts Minerals Inc. and its affiliated debtors in possession

(the "**Debtors**" or "**BMI**"), hereby submits this Objection (the "**Objection**") to *Pfizer Inc.'s*

*Motion to Clarify the February 5, 2024 Order (I) Declaring That the Automatic Stay Prohibits*

*Certain Actions or, in the Alternative, (II) Preliminarily Enjoining Such Actions Pursuing to 11*

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Barretts Minerals Inc. (8715) and Barretts Ventures Texas LLC (0787).  The Debtors' address is 5605 North MacArthur Boulevard, Suite 1000, PMB 139, Irving, Texas 75038.

*U.S.C. § 105* (the "**Motion**") [Docket No. 621].[2]  In support of this Objection, the Committee

states as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.      The Debtors filed an adversary proceeding seeking declaratory and injunctive relief

regarding the staying of certain claims under 11 U.S.C. § 362 and § 105 on October 8, 2023 (the

"**PI Proceeding**") and named personal injury claimants as defendants.[3]  Personal injury claimants

comprise a significant part of the Committee's constituency.  On an accelerated schedule, the

parties briefed the issues and the Court held an evidentiary hearing on December 8, 2023.  After

extended negotiations, the Debtors and the Committee submitted competing proposed orders

memorializing the Court's oral ruling at the December 8 hearing.[4]  The Court did not adopt either

the Debtors' or the Committee's proposed orders in full; instead, it entered its own order (the "**PI

Order**"), which, among other things, preliminarily enjoined certain claims until April 1, 2024.[5]

2.      The Debtors proposed order included certain language (the "**Pfizer Amendment**")

that would have carved out from the preliminary injunction issued in the PI Order[6] certain

hypothetical claims that the current movant, Pfizer, Inc. ("**Pfizer**"), could potentially bring in the

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the PI Order.

[3]    Adv. Dkt. No. 1.

[4]    Adv. Dkt. No. 89.

[5]    Adv. Dkt. No. 92.

[6]    *See* Adv. Dkt. No. 89, Ex. A.  The Pfizer Amendment is as follows:

>    Nothing in this Order shall limit, restrict, restrain or otherwise enjoin Pfizer Inc. from enforcing its
>    rights, if any, including commencing action against MTI in respect of that certain Reorganization
>    Agreement between Pfizer Inc. and MTI, dated as of September 28, 1992, as amended.  For the
>    avoidance of doubt, all parties' rights are preserved as to the application of section 362(a) of the
>    Bankruptcy Code to any such enforcement by Pfizer against MTI and neither MTI nor any Debtor
>    shall be deemed to have waived the application of the automatic stay with respect to any such
>    enforcement.  Nor should this Order be read to bar any actions pending against Pfizer or to be filed
>    against Pfizer.

Mot. ¶ 1.

future.    The Committee's proposed order intentionally omitted the Pfizer Amendment.[7] Ultimately, the Court declined to include the Pfizer Amendment in the PI Order.[8]

3.      In its Motion, under the guise of requesting a "clarification" of the PI Order, Pfizer now asks the Court to reconsider that decision and to modify the entered PI Order to include the Pfizer Amendment.  As such, the Motion should be considered under the standard for altering or amending a judgment and denied for failing to meet that standard.

4.      Pfizer argues that the Committee's opposition should "be given no weight," because the Committee cannot seek to "*expand* the relief sought by Debtors"[9]; the Committee seeks no such thing.  The Court's PI Order enjoins certain "Covered Actions," which is what the Debtors requested in the PI Proceeding.[10]  The Committee does not agree that the Covered Actions should have been enjoined, objected to the injunction in the PI Proceeding, and has filed a notice of appeal of the PI Order.  Regardless, so long as the PI Order is in effect, the Committee sees no reason that its constituency of the sick and dying victims of BMI should have their "Covered Actions" enjoined, while Pfizer's are not.  The Committee's Objection does not seek to expand the relief the Debtors' sought, but to ensure that the relief granted in the PI Order is applied equally.

---

[7]    *See* Adv. Dkt. No. 89, Ex. B.

[8]    *See generally* PI Order.

[9]    *See* Mot ¶ 33.

[10]   *Compare* PI Order at 1 (defining "Covered Actions") *with* Complaint ¶ 2 (defining "Covered Actions").

## **ARGUMENT**

I.   **CONTRARY TO PFIZER'S STYLING, THE MOTION IS ONE TO AMEND THE PI ORDER AND SHOULD BE CONSIDERED UNDER BANKRUPTCY RULE 9023**[11]

5.     Pfizer has styled its Motion as one seeking to "clarify" the PI Order; however, neither the Bankruptcy Rules nor the Federal Rules of Civil Procedure recognize "motions to clarify" prior orders.  *See Automated Bus. Cos. v. ENC Tech. Corp.*, No. CIV.A. H-06-1032, 2009 WL 3674507, at *1 (S.D. Tex. Oct. 30, 2009).  Consequently, when faced with a so-called "motion to clarify," the Fifth Circuit has classified and considered the motion in light of the substantive relief sought.  *See Birdsong v. Wrotenbery*, 901 F.2d 1270, 1271-72 (5th Cir. 1990) (finding that a "motion to clarify" was a motion to amend or alter a judgment governed by Rule 59(e)); *see also Wi-Lan, Inc. v. Acer, Inc.*, No. 2:07-CV-473-TJW-CE, 2010 WL 5559546, at *2 n.1 (E.D. Tex. Dec. 30, 2010) (treating a "motion for clarification" as a motion to amend or alter a judgment where motion sought "to have the Court reconsider the construction of a term that the Court has already construed").  In doing so, the Fifth Circuit has specifically held that a "motion to clarify" is, in fact, motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) when it seeks to limit the scope of a granted injunction.  *See Birdsong*, 901 F.2d at 1272 (holding that "motion to clarify" was a motion to alter or amend a judgment because "[i]t would have been impossible . . . [to grant] without altering or amending the language of the judgment in such a way" that would change the scope of a granted injunction).  And Pfizer's Motion seeks to do exactly that.

---

[11]   Federal Rule of Bankruptcy Procedure 9023 applies Federal Rule of Civil Procedure 59 to bankruptcy cases. Accordingly, any references to Federal Rule of Civil Procedure 59 in this Objection should also be considered references to Federal Rule of Bankruptcy Procedure 9023, and vice versa, as appropriate.

6.       Among other things, the PI Order granted—as the Debtors requested in the PI Motion—an injunction against the "Covered Actions."[12]  Pfizer's request to have the Court amend the PI Order to specifically exclude certain suits from the category of Covered Actions is nothing less than an attempt to have the Court limit the scope of the PI Order's injunction.  On this basis alone, the Court should treat the Motion as one to alter or amend a judgment under Rule 9023.

7.       What is more, Pfizer's Motion asks the Court to amend the PI Order by adding language that the Court has already considered and rejected.  As noted in the Motion, Pfizer requested the Pfizer Amendment in a statement filed with the Court on October 11, 2023, and in oral statements on the record before the Court at the October 11, 2023 hearing.[13]  As per their agreement with Pfizer, and over the objection of the Committee, the Debtors requested the Pfizer Amendment in their February 2, 2024, proposed order.[14]  The Court considered these positions and declined to include the Pfizer Amendment in the PI Order.  That being the case, Pfizer's Motion seeks not to clarify the ruling, but rather to have this Court reconsider the decision it has already made on the Pfizer Amendment.  On this basis as well, the Court should consider the Motion as one under Rule 9023.  *See Wi-Lan*, 2010 WL 5559546, at *2 n.1 (treating a "motion for clarification" as a motion to amend or alter a judgment where motion sought "to have the Court reconsider the construction of a term that the Court has already construed").

---

[12]    The PI Order specifically carved out the "pursuit, adjudication, and/or settlement of" "Testing Claims"—i.e., "claims against MTI and SMI seeking recovery from MTI and/or SMI solely on account of such entity's purported actions in connection with any alleged inadequacy of testing of talc mined, beneficiated, and/or sold by BMI"—from the injunctive relief granted.  PI Order ¶ 2-3.  At the December 8 hearing, the Court ruled that its exclusion of such Testing Claims from the injunction was based on the evidence received in the PI Proceeding regarding the character of such claims.  *See* Hr'g Tr. 157:7-15, Dec. 8, 2023.  *See also* Joint Stipulation Regarding Relief from the Automatic Stay in Respect of Testing Claims ¶ 1, Adv. Dkt. 91 (The Committee and Debtors stipulating that "Testing Claims" against MTI or SMI may proceed "regardless of whether BMI is named as a defendant in such action; *provided that* all other claims against MTI and SMI in such action shall be dismissed without prejudice, with each party to bear its own costs.").

[13]    Mot. ¶ 4.

[14]    *See* Adv. Dkt. No. 89, Ex. A (Debtors' proposed order including the Pfizer Amendment).

8.      Nothing in Pfizer's Motion supports a different result.  While Pfizer cites a handful of cases considering "motions to clarify," none sheds light on how this Motion should be classified or considered.  In each of Pfizer's cases, the "motion for clarification" requested a ruling on the *post hoc* legal effect of an order on a set of circumstances not previously considered by the court, effectively raising a new legal issue for the court to rule on.  *See, e.g.*, *In re Rodriguez*, 252 F.3d 435, at *1, 3 (5th Cir. 2001) (unpublished) (affirming that a bankruptcy court could hear a "motion for clarification" on whether a discharge order had discharged a particular debt when the question arose in separate proceeding); Order on Debtor's Motion to Clarify or Modify Confirmation Order, *In re Pearl Res. LLC*, No. 20-31585 (Bankr. S.D. Tex. July 20, 2022), Docket No. 331 (Rodriguez, J.) (granting motion to "clarify" whether a confirmation order retaining jurisdiction over certain claims included a particular pending lawsuit); Order Clarifying the Final Order Authorizing (I) Post-Petition Financing Secured by Senior Liens, (II) Granting Adequate Protection, and (III) Granting Related Relief, *In re LaForta Gestão E Investimentos, Sociedade Unipessoal LDA*, No. 22-90126 (Bankr. S.D. Tex. May 22, 2023), Docket No. 238 (granting motion to "clarify" whether a bankruptcy final order affected a DIP Lender's ability to assert claims against non-debtor obligors); Order Granting National Founders LP's Motion for Clarification of the Case Management Order, *In re GWG Holdings, Inc.*, No. 22-90032 (Bankr. S.D. Tex. June 21, 2022), Docket No. 445 (granting a motion to clarify that asked whether a case management order prohibited certain parties from making certain proposed payments under a credit agreement).[15] Here, however, the Motion is not asking the Court for guidance on the effect of the PI Order on a

---

[15]    Pfizer cites this order in its Motion, but incorrectly describes it as granting a contested motion for clarification regarding the creditor matrix order.  The debtors in *In re GWG Holdings* also filed a contested motion to clarify a different order concerning a creditor matrix, which this Court *denied*.  Order, *In re GWG Holdings, Inc.*, No. 22-90032 (Bankr. S.D. Tex. June 22, 2022), Docket No. 455.

previously unexplored issue; it is asking for the Court to reconsider an issue already put to the Court, which would alter the scope of the PI Order.

9.       The Motion is, therefore, one to alter or amend the PI Order.  As such, the Court should deny the Motion; as discussed below, it fails to satisfy the standards for such a motion.

## II.    PFIZER FAILS TO SATISFY ANY OF THE CRITERIA FOR ALTERING OR AMENDING THE PI ORDER

10.      Pfizer's "Motion to Clarify" should be denied for what it is:  a motion to reconsider the PI Order that fails to meet any standard for such relief.  "The rulings of a bankruptcy court are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *In re Garrett-Beck Corp.*, No. 09-37774, 2012 WL 3727318, at *2 (Bankr. S.D. Tex. Aug. 27, 2012).  Consequently, granting filings like the Motion that seek "[r]econsideration of a judgment after its entry[,] is an extraordinary remedy that should be used sparingly."  *See Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (affirming the denial of a motion for reconsideration).  Indeed, such motions "are disfavored," especially in the context of attempting to amend an injunction order.  *Ranch v. Greeson*, No. 6:14-CV-13, 2014 WL 12599348, at *1 (S.D. Tex. July 29, 2014) (denying a motion to reconsider a prior order denying an injunction). As a motion to alter or amend the PI Order, the Motion must be considered under Rule 59(e).  *In re Garrett-Beck Corp.*, 2012 WL 3727318, at *3 (citing *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004)).  Accordingly, for the Motion to succeed, Pfizer bears a heavy burden:  it must (1) "clearly establish either a manifest error of law or fact," (2) "present newly discovered evidence," or (3) show "an intervening change in the controlling law."  *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (affirming the denial of a Rule 59(e) motion).

11.     The Motion does not even attempt to make these showings, much less does it satisfy the standard for reconsideration under Rule 59(e).[16] Pfizer has not, and cannot, point to any new evidence or intervening change in law.  Moreover, Pfizer does not clearly establish a manifest error of law or fact justifying its proposed amendment of the PI Order.

12.     "[A] '[m]anifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law,'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004), or "departure from the truth," *Bank One, Texas, N.A. v. F.D.I.C.*, 16 F. Supp. 2d 698, 713 (N.D. Tex. 1998).  But Pfizer does not argue that the Court disregarded controlling law or undisputed facts when it chose not to include the Pfizer Amendment in the PI Order.  If anything, Pfizer merely argues that the Court could have made a different decision under the circumstances; this does not justify reconsideration of the PI Order.  *See Ranch*, 2014 WL 12599348, at *1-2 (denying motion for rehearing on a preliminary injunction where the plaintiff failed to identify any accurate factual errors and did "not challenge the [c]ourt's recitation of the law, only its application to the particular facts").

13.     Similarly, Pfizer's assumption that the Court would include the Pfizer Amendment in the PI Order, and its allegation that it would have acted differently had it known that assumption was wrong does not justify reconsideration of the PI Order.[17] *In re Rodriguez*, 695 F.3d 360, 372 (5th Cir. 2012) (holding that there was no manifest error nor "newly discovered evidence" to justify reconsideration where a party claims it would have argued differently had the party expected the trial court to rule as it did).  The Debtors' agreement to include the Pfizer Amendment in their

---

[16]     *See generally* Motion.

[17]     *See* Mot. ¶ 27 ("Pfizer did not oppose the PI Motion or otherwise question or present argument because it relied on Debtors' agreement to the Agreed Language . . . which Pfizer understood would be included in the final order.").

proposed order was no guarantee that the Court would adopt it.  And the Court's decision presents no basis for the Court to amend the PI Order on Pfizer's Motion.

14.     If Pfizer disagrees with the PI Order, it is free to notice an appeal of it.  Pfizer may also seek to intervene and participate in the Court's slated April 1, 2024 proceeding regarding the PI Order.  However, the Motion provides no basis for the Court to revisit the PI Order to include the Pfizer Amendment.  Accordingly, the Motion should be denied.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the Committee respectfully requests that the Court deny the Motion and grant such other and further relief as is just and proper.

Dated: February 29, 2024.                    Respectfully submitted,

CAPLIN & DRYSDALE, CHARTERED

/s/Kevin C. Maclay
Kevin C. Maclay (admitted *pro hac vice*)
Todd E. Phillips (admitted *pro hac vice*)
Kevin M. Davis (admitted *pro hac vice*)
Serafina Concannon (admitted *pro hac vice*)
One Thomas Circle NW, Suite 1100
Washington, DC 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301
Email: kmaclay@capdale.com
         tphillips@capdale.com
         kdavis@capdale.com
         sconcannon@capdale.com

-AND-

BROWN RUDNICK LLP

David J. Molton (admitted *pro hac vice*)
Eric R. Goodman (admitted *pro hac vice*)
Gerard T. Cicero (admitted *pro hac vice*)
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

Email:  dmolton@brownrudnick.com
        egoodman@brownrudnick.com
        gcicero@brownrudnick.com

-AND-

Jeffrey L. Jonas (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
Telephone:  (617) 856-8200
Facsimile:  (617) 856-8201
Email: jjonas@brownrudnick.com

-AND-

**STEPTOE LLP**

Craig Smyser
State Bar No. 18777575
Jarod R. Stewart
State Bar No. 24066147
R. Hale Neilson
State Bar No. 24116820
717 Texas Avenue, Suite 2800
Houston, Texas 77002-2761
Telephone: (713) 221-2356
Facsimile: (713) 221-2320
Email: csmyser@steptoe.com
       jstewart@steptoe.com
       hneilson@steptoe.com

*Counsel for the*
*Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

I certify that on February 29, 2024, I caused a true and correct copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

*/s/ R. Hale Neilson*
R. Hale Neilson