IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---------------------------------------------------------- x
: 
In re: : Chapter 11
: 
BARRETTS MINERALS INC., *et al.*[1] : Case No. 23-90794 (MI)
: 
Debtors. : (Jointly Administered)
: 
---------------------------------------------------------- x

**DECLARATION OF DAVID GORDON IN SUPPORT OF DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING DEBTORS TO ENTER INTO POST-PETITION FINANCING AGREEMENT AND OBTAIN POST-PETITION FINANCING PURSUANT TO SECTION 364 OF THE BANKRUPTCY CODE, (II) AUTHORIZING DEBTORS TO ENTER INTO SECOND AMENDMENT TO SHARED SERVICES AGREEMENT AND (III) GRANTING RELATED RELIEF**

Under 28 U.S.C. § 1764, I, David Gordon, declare as follows under the penalty of perjury:

1. I serve as the Chief Restructuring Officer ("**CRO**") of Barretts Minerals Inc. ("**BMI**") and Barretts Ventures Texas LLC ("**BVT**", and together with, BMI, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I own and operate a management and consulting services business, DJG Services, LLC, through which I began working with BMI as a consultant in April 2023 prior to my retention as CRO in July 2023. I was subsequently retained as CRO of BVT in September 2023. I had no affiliation with the Debtors prior to being retained as a consultant, and I have no affiliation with MTI (as defined below) or any of the Debtors' other non-debtor affiliates.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Barretts Minerals Inc. (8715) and Barretts Ventures Texas LLC (0787). The Debtors' address is 5605 North MacArthur Boulevard, Suite 1000, PMB 139, Irving, Texas 75038.

US-DOCS\150264178

2. I submit this declaration (this "**Declaration**") in support of the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing Debtors to Enter into Post-Petition Financing Agreement and Obtain Post-Petition Financing Pursuant to Section 364 of the Bankruptcy Code, (II) Authorizing Debtors to Enter into Second Amendment to Shared Services Agreement and (III) Granting Related Relief* (the "**Motion**").

3. In my role as CRO, I was responsible for reviewing and approving the terms of the proposed new debtor-in-possession financing to be provided by Minerals Technologies Investments LLC (the "**Lender**"), a wholly owned subsidiary of Minerals Technologies Inc. ("**MTI**"), the Debtors' ultimate parent (the "**New DIP**"). I worked closely with the Debtors' advisors in connection with the decision-making process related to the New DIP.

4. Except as otherwise indicated, all statements set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by members of the Debtors' management team or their advisors, or my opinion based on my experience, knowledge, and information concerning the Debtors' operations and their industry. I am generally familiar with the material terms of the New DIP. If called upon to testify, I would testify competently to the facts set forth in the Declaration.

**The Debtors' Need for Additional Post-Petition Financing**

5. In connection with the Chapter 11 Cases and my role as CRO, I receive weekly updates regarding the Debtors' financial situation and liquidity needs. In connection with the bids received as part of the sale process (the "**Sale**"), it became clear that the Debtors would need to secure additional financing beyond the proceeds of the Sale to progress towards a resolution of the Chapter 11 Cases. In light of the Debtors' near term liquidity needs, which are described in detail in the *Declaration of William Murphy in Support of Debtors' Emergency Motion for Entry of an*

*Order (I) Authorizing Debtors to Enter into Post-Petition Financing Agreement and Obtain Post-Petition Financing Pursuant to Section 364 of the Bankruptcy Code, (II) Authorizing Debtors to Enter into Second Amendment to Shared Services Agreement and (III) Granting Related Relief* (the "**Murphy Declaration**"), the Board of Directors of BMI (the "**Board**") supported the Debtors' efforts to explore new postpetition financing options.

6. As described in the *Declaration of Leon Szlezinger in Support of Debtors' Emergency Motion for Entry of an Order (I) Authorizing Debtors to Enter into Post-Petition Financing Agreement and Obtain Post-Petition Financing Pursuant to Section 364 of the Bankruptcy Code, (II) Authorizing Debtors to Enter into Second Amendment to Shared Services Agreement and (III) Granting Related Relief* (the "**Szlezinger Declaration**"), the Debtors and their advisors ultimately determined that the New DIP represents the best path forward given the terms of the New DIP and the expectation that the Debtors would be unable to secure financing from a third-party on the same or better terms.

### The New DIP was Negotiated in Good Faith and at Arm's-Length

7. Based on my involvement and understanding, I believe that the New DIP is the result of good faith and arm's-length negotiations between the Debtors and the Lender. For purposes of negotiating the terms of the New DIP, BMI and the Lender were represented by separate counsel—Latham & Watkins LLP for BMI and Hughes Hubbard & Reed LLP for the Lender. Cognizant of the fact that that the New DIP is being provided by an affiliate of the Debtors, the Debtors took a number of steps to ensure that negotiations were conducted on an arm's-length basis. Namely, the transaction was overseen by me, as CRO, and approved by BMI's independent Board member (together with the CRO, the "**Independent Representatives**"), each of whom is

unaffiliated with MTI. In addition, the Debtors ensured that MTI-affiliated board members did not vote on whether BMI should enter into the proposed New DIP.

8. The Independent Representatives were assisted at times by certain members of MTI's management team pursuant to that certain Services Agreement by and among MTI, Specialty Minerals Inc., and BMI, dated as of June 19, 2023 and effective as of January 1, 2023, which was subsequently amended on September 28, 2023 (the "**Designated Employees**"). The Designated Employees were designated by BMI's Board to assist BMI with the Chapter 11 Cases, including debtor-in-possession financing. Based on my understanding, I believe that the Designated Employees acted solely on behalf of the Debtors in evaluating the Debtors' financing options, including the proposed New DIP.

9. Overall, I believe that the process of negotiating and approving the New DIP was fair and transparent. Ultimately, after careful consideration and consultation with the Debtors' advisors, and with my advice and recommendation, on May 6, 2024, BMI's independent Board member approved the terms of the New DIP.

## The New DIP is Fair and Reasonable Under the Circumstances

10. Based on all information available to me and in consultation with the Debtors' advisors, I believe the terms of the New DIP are fair and reasonable. The Debtors' decision to move forward with the New DIP was premised on their extensive prepetition negotiations with lenders and their subsequent outreach to certain potential third-party lenders prior to and following entry of the Sale Order. Based upon this experience and my understanding of the Debtors' current financial situation, I believe that the New DIP presents the best available financing option for the Debtors.

11. As discussed in the Murphy Declaration, the New DIP will enable the Debtors to obtain requisite financing on an expedited and unsecured basis and without incurring fees that would be typical in third-party lending transactions. Given the Debtors' limited post-Sale operations and non-cash assets, and in light of my experience with the prepetition marketing process, I do not believe that the Debtors could obtain as favorable of terms from another source. Notably, the material terms of the New DIP are more favorable than the terms of their prior post-petition financing facility.

12. Based on all relevant facts and circumstances, it is therefore my belief that BMI's entry into the New DIP is an exercise of BMI's sound business judgment. I further believe that the terms of the New DIP, which were negotiated in good faith and at arm's-length by separate counsel and approved by BMI's independent Board member, are fair under the circumstances.

## **Conclusion**

13. As described herein, I believe that the New DIP represents the best option currently available to the Debtors to ensure that the Debtors have additional liquidity to administer the Chapter 11 Cases for the benefit of the estates and all stakeholders.

[*Remainder of Page Intentionally Blank*]

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of May 2024.

/s/ David Gordon
David Gordon
Chief Restructuring Officer
Barretts Minerals Inc. and
Barretts Ventures Texas LLC