IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| BMI OLDCO INC., *et al.*,[1] | : | Case No. 23-90794 (MI) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

---

| | | |
|---|---|---|
| BMI OLDCO INC., *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Adv. Pro. No. 23-03225 |
| | : | |
| v. | : | |
| | : | |
| THOSE PARTIES LISTED IN APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000, | : | |
| | : | |
| Defendants. | : | |

---

**STIPULATION AND (A) AGREED ORDER CONTINUING MATTERS ON CALENDAR FOR DECEMBER 10, 2024 TO MARCH 11, 2025, (B) FIFTH AGREED ORDER FURTHER EXTENDING MEDIATION, AND (C) EIGHTH AGREED ORDER EXTENDING ORDER (I) DECLARING THAT THE AUTOMATIC STAY PROHIBITS CERTAIN ACTIONS AGAINST NON-DEBTORS OR, IN THE ALTERNATIVE, <u>(II) PRELIMINARILY ENJOINING SUCH ACTIONS PURSUANT TO 11 U.S.C. § 105</u>**

**[Relates to Adv. Docket Nos. 92, 116, 120, 125, 128, 132, 134, 135, 137, 138 and Docket No. 538, 952, 977, 982, 994, 1037, 1073, 1075, 1149]**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: BMI Oldco Inc. (f/k/a Barretts Minerals Inc.) (8715) and Barretts Ventures Texas LLC (0787). The Debtors' address is 5605 North MacArthur Boulevard, Suite 1000, PMB 139, Irving, Texas 75038.

1

WHEREAS, on October 9, 2023, the debtors in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), Barretts Ventures Texas LLC ("**BVT**") and BMI Oldco Inc., f/k/a Barretts Minerals Inc. ("**BMI**," and together with BVT, the "**Debtors**"), filed the Complaint in the above-captioned adversary proceeding along with the *Emergency Motion for (I) an Order (A) Declaring that the Automatic Stay Prohibits Certain Actions Against Non-Debtors or, in the Alternative, (B) Preliminarily Enjoining Such Actions Pursuant to 11 U.S.C. § 105, and (II) a Temporary Restraining Order Enjoining Certain Actions Against Non-Debtors* [Adv. Docket No. 2] (the "**Motion**").

WHEREAS, on December 8, 2023, the Court held a hearing on the Motion and granted the Motion, in part. Thereafter, the Court entered the *Order (I) Declaring That the Automatic Stay Prohibits Certain Actions or, in the Alternative, (II) Preliminarily Enjoining Such Actions Pursuant to 11 U.S.C. § 105* [Adv. Docket No. 92] (the "**PI Order**").

WHEREAS, the PI Order contemplated a further hearing on the relief provided under the PI Order, which was set for April 1, 2024 (the "**Further Hearing**"). The Court reset the Further Hearing to April 9, 2024, at 9:00 a.m. (prevailing Central Time) [Adv. Docket No. 108].

WHEREAS, the Debtors and the Official Committee of Unsecured Creditors (the "**Committee**") subsequently agreed that, given the resetting of the Further Hearing, the relief provided under the PI Order should be extended through and until April 9, 2024, to accommodate the continued Further Hearing. That agreement was memorialized in the *Agreed Order Extending Order (I) Declaring That the Automatic Stay Prohibits Certain Actions or, in the Alternative, (II) Preliminarily Enjoining Such Actions Pursuant to 11 U.S.C. § 105* [Adv. Docket No. 116] (the "**First Agreed Order**").

1

WHEREAS, the Debtors and the Committee stipulated to continue the Further Hearing to May 13, 2024 at 10:00 a.m. (prevailing Central Time) and continue the relief provided under the PI Order [Adv. Docket No. 119] accordingly.

WHEREAS, on April 8, 2024, the Court entered the *Stipulation and Second Agreed Order Extending Order (I) Declaring That the Automatic Stay Prohibits Certain Actions or, in the Alternative, (II) Preliminarily Enjoining Such Actions Pursuant to 11 U.S.C. § 105* [Adv. Docket No. 120] (the "**Second Agreed Order**").

WHEREAS, the Debtors and the Committee stipulated to continue the Further Hearing to June 17, 2024 at 1:30 p.m. (prevailing Central Time) and continue the relief provided under the PI Order [Adv. Docket No. 124] accordingly.

WHEREAS, on May 12, 2024, the Court entered the *Stipulation and Third Agreed Order Extending Order (I) Declaring That the Automatic Stay Prohibits Certain Actions or, in the Alternative, (II) Preliminarily Enjoining Such Actions Pursuant to 11 U.S.C. § 105* [Adv. Docket No. 125] (the "**Third Agreed Order**").

WHEREAS, the Debtors and the Committee stipulated to continue the Further Hearing to July 18, 2024 at 1:30 p.m. (prevailing Central Time) and continue the relief provided under the PI Order [Adv. Docket No. 127] accordingly.

WHEREAS, on June 14, 2024, the Court entered the *Stipulation and Fourth Agreed Order Extending Order (I) Declaring That the Automatic Stay Prohibits Certain Actions or, in the Alternative, (II) Preliminarily Enjoining Such Actions Pursuant to 11 U.S.C. § 105* [Adv. Docket No. 128] (the "**Fourth Agreed Order**").

WHEREAS, on May 14, 2024, the Debtors filed their *Emergency Motion for Entry of an Order (I) Authorizing Debtors to Enter into Post-Petition Financing Agreement and Obtain Post-*

*Petition Financing Pursuant to Section 364 of the Bankruptcy Code, (II) Authorizing Debtors to Enter into Second Amendment to Shared Services Agreement and (III) Granting Related Relief* [Docket No. 898] (the "**DIP Motion**").

WHEREAS, on May 21, 2024, the Court held a hearing on the DIP Motion, entered the *Order (I) Authorizing Debtors to Enter into Post-Petition Financing Agreement and Obtain Post-Petition Financing Pursuant to Section 364 of the Bankruptcy Code, (II) Authorizing Debtors to Enter into Second Amendment to Shared Services Agreement and (III) Granting Related Relief* [Docket No. 917] (the "**DIP Order**"), and set a status conference in connection with the DIP Order for July 2, 2024 at 9:00 a.m. (prevailing Central Time) (the "**DIP Status Conference**").

WHEREAS, on June 14, 2024, the Court entered the *Stipulation and Agreed Order Adjourning and Resetting Status Conference in Connection with Order (I) Authorizing Debtors to Enter into Post-Petition Financing Agreement and Obtain Post-Petition Financing Pursuant to Section 364 of the Bankruptcy Code, (II) Authorizing Debtors to Enter into Second Amendment to Shared Services Agreement and (III) Granting Related Relief* [Docket No. 977], continuing the DIP Status Conference to July 18, 2024 at 1:30 p.m. (prevailing Central Time).

WHEREAS, on June 25, 2024, the Committee filed the *Motion of the Official Committee of Unsecured Creditors to Dismiss the Chapter 11 Cases Pursuant to 11 U.S.C. § 1112(b) or, in the Alternative, to Terminate the Debtors' Exclusive Period Pursuant to 11 U.S.C. § 1121(d)(1)* [Docket No. 994] (the "**Motion to Dismiss**").

WHEREAS, on June 27, 2024, the Committee filed a *Notice of Hearing* [Docket No. 999], setting the Motion to Dismiss for hearing on July 18, 2024 at 1:30 p.m. (prevailing Central Time) (together with the Further Hearing, the DIP Status Conference, and all other matters on calendar for July 18, 2024, the "**July 18 Hearing**").

WHEREAS, on January 5, 2024, the Court entered an order [Docket No. 538] (the "**Mediation Order**") approving the *Joint Stipulation and Agreed Order Appointing Mediator and Governing Mediation Procedures*.

WHEREAS, on June 5, 2024, the Court entered the *Joint Stipulation and Agreed Order Extending Mediation* [Docket No. 952], formally extending the Mediation[1] through June 17, 2024.

WHEREAS, on June 20, 2024, the Court entered the *Joint Stipulation and Second Agreed Order Extending Mediation* [Docket No. 982], formally extending the Mediation through July 18, 2024.

WHEREAS, on July 15, 2024, the Court entered the *Stipulation and (A) Agreed Order Continuing Matters on Calendar for July 18, 2024 to August 21, 2024, (B) Second Agreed Order Further Extending Mediation, and (C) Fifth Agreed Order Extending Order (I) Declaring that the Automatic Stay Prohibits Certain Actions against Non-Debtors or, in the Alternative, (II) Preliminarily Enjoining Such Actions Pursuant to 11 U.S.C. § 105* [Adv. Docket No. 132, Docket No. 1037], which, among other things, (i) continued all matters on calendar for the July 18 Hearing to August 21, 2024 at 9:30 a.m. (prevailing Central Time) (the "**August 21 Hearing**"), and (ii) formally extended the Mediation through August 21, 2024.

WHEREAS, on August 15, 2024, the Court entered the *Stipulation and (A) Agreed Order Continuing Matters on Calendar for August 21, 2024 to October 29, 2024, (B) Third Agreed Order Further Extending Mediation, and (C) Sixth Agreed Order Extending Order (I) Declaring that the Automatic Stay Prohibits Certain Actions against Non-Debtors or, in the Alternative, (II) Preliminarily Enjoining Such Actions Pursuant to 11 U.S.C. § 105* [Adv. Docket No. 135, Docket

---

[1] The "Mediation" refers to the mediation in the above-captioned Chapter 11 Cases pursuant to the Mediation Order, as extended.  Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Mediation Order.

4

No. 1075], which, among other things, (i) continued all matters on calendar for the August 21 Hearing to October 29, 2024 at 9:00 a.m. (prevailing Central Time) (the "**October 29 Hearing**"), and (ii) formally extended the Mediation through October 29, 2024.

WHEREAS, on October 11, 2024, the Court entered the *Stipulation and (A) Agreed Order Continuing Matters on Calendar for October 29, 2024 to December 10, 2024, (B) Fourth Agreed Order Further Extending Mediation, and (C) Seventh Agreed Order Extending Order (I) Declaring that the Automatic Stay Prohibits Certain Actions against Non-Debtors or, in the Alternative, (II) Preliminarily Enjoining Such Actions Pursuant to 11 U.S.C. § 105* [Adv. Docket No. 138, Docket No. 1149], which, among other things, (i) continued all matters on calendar for the October 29 Hearing to December 10, 2024 at 2:30 p.m. (prevailing Central Time), which hearing was set to continue on December 11, 2024 at 1:30 p.m. (prevailing Central Time) (the "**December Hearing**"), and (ii) formally extended the Mediation through December 11, 2024.

WHEREAS, since the Court entered the Mediation Order, the Mediator has been actively engaged with the Mediation Parties, negotiations between and among the Mediation Parties remain ongoing, and the Mediator is supportive of further extending the Mediation and further adjourning all matters on calendar for the December Hearing, to allow the Mediation Parties additional time to explore a consensual resolution of issues related to the Chapter 11 Cases.

WHEREAS, the Debtors and the Committee have further conferred and agreed that, given the ongoing nature of the Mediation, they are amenable to (i) adjourning all matters on calendar for December 10, 2024 to March 11, 2025, at 9:00 a.m. (prevailing Central Time) (the "**March 11 Hearing**"), (ii) further extending the relief provided under the PI Order through and until the conclusion of the March 11 Hearing, as may be further continued, and (iii) further extending the Mediation through and including March 11, 2025, subject to further extension.

5

WHEREAS, the Debtors and the Committee have further conferred and will agree upon a schedule to depose those witnesses previously identified in advance of the March 11 Hearing. Any opposition to the Motion to Dismiss will be filed and served prior to the commencement of the Committee's depositions, and no later than February 14, 2025 and replies, if any, will be filed and served no later than March 5, 2025.

This Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. § 1409; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. All relief provided under the PI Order shall continue through March 11, 2025, or until such later date as the Court may order.

2. All matters on calendar in the Chapter 11 Cases and the Adversary Proceeding for the December Hearing, shall be continued to March 11, 2025 at 9:00 a.m. (prevailing Central Time).

3. The Mediation may continue until March 11, 2025, or such later date as mutually agreed by the parties to the Mediation, unless otherwise terminated, or as authorized by the Court.

4. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

6. Nothing herein shall prejudice the rights of the Committee to contest the propriety of the PI Order, including without limitation in any ongoing or future appeal of the PI Order, and all such rights of the Committee are hereby reserved.

Signed: _____, 2024

                                                _____
MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

**Agreed:**

*/s/ John F. Higgins*
**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
Megan Young-John (TX Bar No. 24088700)
Bryan L. Rochelle (TX Bar No. 24107979)
James A. Keefe (TX Bar No. 24122842)
1000 Main Street, 36th Floor
Houston, TX 77002
Telephone: (713) 226-6000
Email: jhiggins@porterhedges.com
      myoung-john@porterhedges.com
      brochelle@porterhedges.com
      jkeefe@porterhedges.com


-and-

**LATHAM & WATKINS LLP**
Jeffrey E. Bjork (admitted *pro hac vice*)
Kimberly A. Posin (admitted *pro hac vice*)
Amy C. Quartarolo (admitted *pro hac vice*)
Christina Craige (admitted *pro hac vice*)
Shawn P. Hansen (admitted *pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Email: jeff.bjork@lw.com
      kim.posin@lw.com
      amy.quartarolo@lw.com
      chris.craige@lw.com
      shawn.hansen@lw.com

*Counsel to the Debtors and Debtors in Possession*

*/s/ Gerard T. Cicero*
**BROWN RUDNICK LLP**
David J. Molton (admitted *pro hac vice*)
Eric R. Goodman (admitted *pro hac vice*)
Gerard T. Cicero (admitted *pro hac vice*)
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Email: dmolton@brownrudnick.com
         egoodman@brownrudnick.com
         gcicero@brownrudnick.com

Jeffrey L. Jonas (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Email: jjonas@brownrudnick.com

-and-

**STEPTOE LLP**
Craig Smyser
State Bar No. 18777575
Jarod R. Stewart
State Bar No. 24066147
R. Hale Neilson
State Bar No. 24116820 717
Texas Avenue, Suite 2800
Houston, Texas 77002-2761
Telephone: (713) 221-2356
Email: csmyser@steptoe.com
         jstewart@steptoe.com
         hneilson@steptoe.com

-and-

**CAPLIN & DRYSDALE, CHARTERED**
Kevin C. Maclay (admitted *pro hac vice*)
Todd E. Phillips (admitted *pro hac vice*)
Kevin M. Davis (admitted *pro hac vice*)
Serafina Concannon (admitted *pro hac vice*)
One Thomas Circle NW, Suite 1100
Washington, DC 20005
Telephone: (202) 862-5000
Email: kmaclay@capdale.com
         tphillips@capdale.com

9

kdavis@capdale.com
sconcannon@capdale.com

*Counsel for the Official Committee of Unsecured Creditors*