IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

MAR 26 2025

Nathan Ochsner, Clerk of Court

------------------------------------------------------- x
: 
In re: : Chapter 11
:
BMI OLDCO INC., *et al.*,[1] : Case No. 23-90794 (MI)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------- x

**MEDIATOR'S REPORT**

I, Kenneth R. Feinberg (the "**Mediator**"), having been appointed by the Court [Docket No. 538] to serve as Mediator in connection with the above-referenced cases since January 4, 2024, hereby submit this report to advise the Court of the status of the mediation (the "**Mediation**") between and among the debtors and debtors in possession (collectively, the "**Debtors**"), the Official Committee of Unsecured Creditors (the "**Committee**"), the future claimants' representative (the "**FCR**"), and Minerals Technologies Inc., on behalf of itself and its subsidiaries excluding the Debtors (collectively, the "**Non-Debtor Affiliates**," and together with the Debtors, the Committee and the FCR, the "**Mediation Parties**").

1. The Mediator was appointed in these Chapter 11 cases (the "**Chapter 11 Cases**") with the consent of the Mediation Parties to attempt to achieve resolution of issues relating to the Chapter 11 Cases, including negotiating the terms of and funding for

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: BMI Oldco Inc. (f/k/a Barretts Minerals Inc.) ("**BMI**") (8715) and Barretts Ventures Texas LLC (0787). The Debtors' address is 5605 North MacArthur Boulevard, Suite 1000, Irving, Texas 75038.

a possible plan of reorganization in the Chapter 11 Cases and related matters. The Mediator has previously had wide-ranging success in helping resolve other similar tort-related bankruptcies, *e.g.*, HONX, Inc. (Case No. 22-90035; Southern District of Texas, Houston Division); Paddock Enterprises, LLC (Case No. 20-10028; District of Delaware); Purdue Pharma L.P., et al. (Case No. 19-23649; Southern District of New York); Mallinckrodt plc, et al. (Case No. 20-12522; District of Delaware); and Imerys Talc America, Inc., et al. (Case No. 19-10289; District of Delaware). In addition, the Mediator acted as the Bankruptcy Court-appointed Estimation Expert in LTL Management LLC (Case No. 21-30589; District of New Jersey).

2. Over the course of the last 14 months, the Mediator presided over and conducted numerous in-person and virtual Mediation sessions, and had innumerous communications with the Mediation Parties and their respective advisors. Each of the Mediation Parties was represented in connection with the Mediation by highly experienced, competent and sophisticated advisors and experts.

3. Over the course of the Mediation, the Mediator facilitated the exchange of a substantial volume of information that one or more of the Mediation Parties and/or their advisors or experts indicated was needed in order to engage in substantive discussions. The Mediator is satisfied that all information requested was provided, and there remain no informational or diligence issues that prevented progress in the Mediation.

4. Unfortunately, despite substantial time and resources having been dedicated to the Mediation over the last 14 months, the Mediation Parties have not made material

progress toward a consensual resolution of their issues. The Mediation now appears to be at an impasse.

5. Despite repeated efforts by the Debtors, the FCR, and the Non-Debtor Affiliates – all of whom actively promoted various settlement terms and conditions designed to advance the Mediation process in an effort to achieve a comprehensive bankruptcy resolution – the Committee has not demonstrated its ability or willingness to engage in a similar manner despite repeated ongoing efforts by the Mediator.

6. The Mediator is aware of the Debtors' efforts to bring certain legal issues before the Court, including those related to the ownership of testing claims. The Mediator believes that resolution of those issues by the Court will assist in advancing a comprehensive resolution of the Chapter 11 Cases through renewed Mediation efforts.

7. The Mediator intends to remain available to all of the Mediation Parties to support their efforts to work toward a consensual resolution.

Dated: March 26, 2025                              *s/ Kenneth R. Feinberg*