IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

----------------------------------------------------------- x
: 
In re: : Chapter 11
: 
BMI OLDCO INC., *et al.*,[1] : Case No. 23-90794 (MI)
: 
  Debtors. : (Jointly Administered)
:
----------------------------------------------------------- x

**SEVENTH SUPPLEMENTAL DECLARATION OF JEFFREY E. BJORK
PROVIDING ADDITIONAL DISCLOSURES RELATED TO THE
RETENTION OF LATHAM & WATKINS LLP AS BANKRUPTCY CO-COUNSEL**
[Relates to Docket Nos. 149, 292, 744, 971, 1106, 1142, 1252, 1719]

I, Jeffrey E. Bjork, make this supplemental declaration pursuant to 28 U.S.C. § 1746 and declare as follows:

1. I am a partner in the law firm of Latham & Watkins LLP ("**L&W**"), an international law firm with offices across the United States, Europe, and Asia. I am admitted in, practicing in, and a member in good standing of the state bar of California, and there are no disciplinary proceedings pending against me. I am over the age of eighteen, am authorized to submit this Declaration, and am competent to testify on the matters contained herein.

2. On October 27, 2023, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed the *Debtors' Application for Entry of an Order (A) Authorizing the Employment and Retention of Latham & Watkins LLP as Bankruptcy Co-Counsel and (B) Granting Related Relief* [Docket No. 149] (the "**Application**"). In support of the Application, the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: BMI Oldco Inc. (f/k/a Barretts Minerals Inc.) (8715) and Barretts Ventures Texas LLC (0787). The Debtors' address is 5605 North MacArthur Boulevard, Suite 1000, PMB 139 Irving, Texas 75038.

1

Debtors filed the *Declaration of Jeffrey E. Bjork and Disclosure Statement of Latham & Watkins LLP* [Docket No. 149-1] (the "**Initial Bjork Declaration**").

3. On November 19, 2023, the Court entered the *Order (A) Approving the Employment and Retention of Latham & Watkins LLP as Bankruptcy Co-Counsel and (B) Granting Related Relief* [Docket No. 292] (the "**Retention Order**"). On March 19, 2024, I provided additional disclosures regarding L&W's disinterestedness and lack of adversity towards the Debtors as a result of its representation of certain parties in matters unrelated to the Chapter 11 Cases [Docket No. 744] (the "**First Supplemental Declaration**"). Thereafter, (a) on June 12, 2024, I provided additional disclosures regarding L&W's disinterestedness and lack of adversity towards the Debtors as a result of its representation of certain parties in matters unrelated to the Chapter 11 Cases [Docket No. 971] (the "**Second Supplemental Declaration**"), (b) on September 3, 2024, I provided additional disclosures regarding L&W's disinterestedness and lack of adversity towards the Debtors related to Mr. Esserman's engagement by a company L&W represents in a confidential matter unrelated to the Chapter 11 Cases (the "**Third Supplemental Declaration**"), (c) on October 7, 2024, I provided additional disclosures regarding L&W's disinterestedness and lack of adversity towards the Debtors related to L&W's representation of M3 Partners, LP, the Debtors financial advisor in the Chapter 11 Cases in a matter unrelated to the Chapter 11 Cases (the "**Fourth Supplemental Declaration**"), (d) on January 24, 2025, I provided additional disclosures regarding L&W extending offers of employment to two individuals who were serving or served as a clerk to Judge Isgur (the "**Fifth Supplemental Declaration**"), and (e) on September 11, 2025, I provided additional disclosures regarding the hiring of the two individuals identified in the Fifth Supplemental Declaration (the "**Sixth Supplemental Declaration**" and collectively with the First Supplemental Declaration, Second Supplemental Declaration, Third Supplemental Declaration, Fourth Supplemental Declaration, and Fifth Supplemental Declaration, the

"**Supplemental Declarations**").

4. In the Application, the Initial Bjork Declaration, and the Supplemental Declarations, L&W reserved the right to supplement its disclosure by filing one or more supplemental declarations. Application ¶ 19; Initial Bjork Declaration ¶ 3; First Supplemental Declaration ¶ 9; Second Supplemental Declaration ¶ 9; Third Supplemental Declaration ¶ 9; Fourth Supplemental Declaration ¶ 9; Fifth Supplemental Declaration ¶ 10; Sixth Supplement Declaration ¶ 11. I submit this seventh supplemental declaration (the "**Seventh Supplemental Declaration**") to provide the Court and interested parties with an additional disclosure in connection with the Application and the Retention Order.

5. As part of L&W's continuing obligation to review parties in interest in these cases and disclose whether such parties are current or former clients of the firm, and to provide updated retainer information, L&W provides the following supplemental disclosure.

6. Since filing the Chapter 11 Cases, L&W has continued to search its electronic database for its connections to new potential parties in interest together with the potential parties in interest submitted with the Initial Bjork Declaration and the Supplemental Declarations (collectively, the "**Potential Parties in Interest**").

7. L&W has continued to track the Potential Parties in Interest in order to identify any new matters that have materialized in connection with the Potential Parties in Interest. To my knowledge, upon reasonable inquiry, L&W does not hold or represent any interest adverse to the Debtors or the Debtors' estates.

**SPECIFIC DISCLOSURES**

8. On September 8, 2025, an attorney who previously worked at a firm that represents the Special Committee of the Board of Directors of Debtor BMI Oldco Inc. started her employment with L&W. The Debtors received a conflicts waiver from the Special Committee before hiring

3

such attorney and L&W has established an ethics wall barring such attorney from representing the Debtors in the Chapter 11 Cases or otherwise accessing the files relating to the Chapter 11 Cases. The attorney will not represent the Debtors or any other party in the Chapter 11 Cases.

9. Unless otherwise stated in this Seventh Supplemental Declaration, I have personal knowledge of the facts set forth above.  To the extent that any information disclosed in this Seventh Supplemental Declaration requires amendment or a supplement upon L&W's completion of further analysis or as additional information becomes available to L&W, a further supplemental declaration will be submitted to the Court and interested parties.

[*Signature page follows.*]

Pursuant to 28 U.S.C. § 1746, to the best of my knowledge, information and belief, and after reasonable inquiry, I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 22, 2025
      Los Angeles, California

                                             */s/ Jeffrey E. Bjork*
                                             Jeffrey E. Bjork
                                             Partner
                                             Latham & Watkins LLP

Pursuant to 28 U.S.C. § 1746, to the best of my knowledge, information and belief, and after reasonable inquiry, I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 22, 2025
       Los Angeles, California

                                         */s/ Jeffrey E. Bjork*
                                         Jeffrey E. Bjork
                                         Partner
                                         Latham & Watkins LLP

## **CERTIFICATE OF SERVICE**

I certify that on October 22, 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

*/s/ John F. Higgins*
John F. Higgins