IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------------ x
In re:                                                       : Chapter 11
                                                             :
BMI OLDCO INC., *et al.*,[1]                                 : Case No. 23-90794 (MI)
                                                             :
          Debtors.                                           : **(Jointly Administered)**
                                                             :
------------------------------------------------------------ x

**DEBTORS' SEVENTH STATUS REPORT**
[Related to Docket Nos. 1434, 1467, 1482, 1516, 1573, 1643, 1703, and 1748]

Pursuant to the *Debtors' First Status Report* [Docket No. 1434] (the "**First Status Report**") and the corporate governance protocol attached thereto as Exhibit 1 (the "**Corporate Governance Protocol**"), the Debtors are filing their seventh status report (this "**Seventh Status Report**"). The Debtors respectfully state:

**Implementation of Corporate Governance Protocol**

Pursuant to the Corporate Governance Protocol, the Debtors proposed to reconstitute the Debtors' board of directors (the "**Board**") and the special committee (the "**Special Committee**") by appointing Ret. Judge Robert Drain, Roger Frankel, and, subject to the terms of the Corporate Governance Protocol, the Committee Designee (as defined in the Corporate Governance Protocol) to serve on the Board and the Special Committee.[2]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: BMI Oldco Inc. (f/k/a Barretts Minerals Inc.) ("**BMI**") (8715) and Barretts Ventures Texas LLC ("**BVT**") (0787). The Debtors' address is 5605 North MacArthur Boulevard, Suite 1000, PMB 139, Irving, Texas 75038.

[2] The summaries contained in this Status Report are qualified in their entirety by reference to the applicable provisions of the Corporate Governance Protocol. To the extent there exists any inconsistency between the summaries in this Status Report and the provisions of the Corporate Governance Protocol, the provisions of the Corporate Governance Protocol control. Capitalized terms used but not defined herein shall have the meaning ascribed to them in the First Status Report, the Corporate Governance Protocol, the Special Committee Notices (as defined below), or the *Declaration of David J. Gordon, Chief Restructuring Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 13], as applicable.

The Debtors subsequently filed (i) the *Debtors' Notice of Status of Special Committee* [Docket No. 1467] (the "**First Notice**") detailing the appointment of Ret. Judge Robert Drain and Roger Frankel to the Board and Special Committee and the status of the Committee Designee and (ii) the *Debtors' Second Notice of Status of Special Committee* [Docket No. 1482] (the "**Second Notice**" and, together with the First Notice, the "**Special Committee Notices**") detailing the election of Shepard Hoffman (as the Committee Designee) to the Board and Special Committee. Pursuant to the Corporate Governance Protocol, the Debtors respectfully state:

1. Between the time of its appointment and now, the Special Committee has from time to time met and conferred with the UCC and its professionals, the BMI CRO, BMI's professionals, the Future Claims Representative (the "**FCR**") and his professionals, and MTI/SMI and its professionals to gather their various views of the case, the goals they wish to achieve, and what they believe should be done moving forward, as well as to report on the status of the Special Committee's investigation and pursuit of estate causes of action.[3]

2. The Special Committee, with the assistance of its general counsel, Togut, Segal & Segal LLP, and its financial advisor, Province, continues to work with all the constituencies in the case and communicates regularly with various counsel, including those representing the Debtors, the FCR, the UCC, MTI/SMI and individual members of the UCC, to explore and develop the parameters for a possible global resolution of disputed issues on a consensual basis. The Special Committee, in collaboration with the Debtors, the FCR, the UCC, MTI/SMI and individual plaintiffs' lawyers, has begun looking at possible plan structures if agreements with the various stakeholders can be reached.

---

[3] The Special Committee has engaged in these ongoing communications with the UCC, the FCR, and their respective professionals, as envisioned by the reporting and consultation provisions in Sections II.c and III.c of the Corporate Governance Protocol. This ongoing dialogue is currently in lieu of the BMI CRO being available to hold bi-weekly meetings with the UCC and FCR, if so directed by the Special Committee.

3. The Special Committee has also continued to hold regular weekly meetings, as well as other special meetings as necessary.

4. The Special Committee's advisors have now completed enough of their investigation to enable the Special Committee to engage in meaningful negotiations with parties in interest, and the Special Committee is currently focused on such negotiations. And, although it is not yet in a position to file estate claims, the Special Committee has, in consultation with the Debtors, the Committee, and the FCR, taken steps to preserve any and all claims to the fullest extent possible.

5. Among other things, the Special Committee, together with the Debtors, filed a motion on October 1, 2025 seeking an extension of the deadline for the Debtors to file estate claims and chapter 5 avoidance actions to December 1, 2025. *See Debtors' Emergency Motion to Extend Time to File Estate Claims and Avoidance Actions* [Docket No. 1752] (the "**Motion to Extend**"). On October 2, 2025, the Court entered an Order granting the Motion to Extend, which relief was without prejudice to the Debtors or their representatives seeking additional extensions. *See Order Extending Time to File Estate Claims and Avoidance Actions* [Docket No. 1758] (the "**Extension Order**").

6. Recently, on October 29, 2025, the Special Committee, together with the Debtors, filed a motion seeking to amend the Extension Order by further extending the Debtors' time to file estate claims and chapter 5 avoidance actions an additional approximately 120-days, up to and including April 2, 2026. *See Motion to Amend Order Extending Time to File Estate Claims and Avoidance Actions* [Docket No. 1786] (the "**Motion to Amend**"). The Motion to Amend is to be considered by the Court at a hearing scheduled for November 21, 2025.

7. The Debtors anticipate that the next status report will be filed by November 28, 2025.

8. The Debtors will continue to comply with the Corporate Governance Protocol and will continue to update the Court as to the status of the Special Committee.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: October 31, 2025<br>Houston, Texas | Respectfully Submitted,<br><br> /s/ *Megan Young-John* |

**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
Eric D. Wade (TX Bar No. 00794802)
Heather K. Hatfield (TX Bar No. 24050730)
Megan Young-John (TX Bar No. 24088700)
Jack M. Eiband (TX Bar No. 24135185)
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Email:    jhiggins@porterhedges.com
             ewade@porterhedges.com
             hhatfield@porterhedges.com
             myoung-john@porterhedges.com
             jeiband@porterhedges.com

-and-

**LATHAM & WATKINS LLP**
Jeffrey E. Bjork (admitted *pro hac vice*)
Kimberly A. Posin (admitted *pro hac vice*)
Christina M. Craige (admitted *pro hac vice*)
Deniz A. Irgi (admitted *pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Email:    jeff.bjork@lw.com
             kim.posin@lw.com
             chris.craige@lw.com
             deniz.irgi@lw.com

*Counsel for Debtors and Debtors in Possession*

**CERTIFICATE OF SERVICE**

  The undersigned certifies that on October 31, 2025, a true and correct copy of the foregoing Notice was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

             */s/ Megan Young-John*
             Megan Young-John