**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

---------------------------------------------------------- x
In re:
BMI OLDCO INC., *et al.*,
        Debtors.[1]
---------------------------------------------------------- x

: Chapter 11
:
: Case No. 23-90794 (MI)
:
: (Jointly Administered)
:

### NON-DEBTOR AFFILIATES' SECOND STATUS REPORT

The Non-Debtor Affiliates[2] remain fully committed to advancing these chapter 11 cases to a successful resolution, including the reasonable funding of a section 524(g) trust that fairly resolves alleged talc-related liabilities in an efficient and equitable manner.

To that end, since filing our last status report on September 26, 2025 [Docket No. 1745], the Non-Debtor Affiliates have continued to actively support ongoing direct settlement negotiations with plaintiffs' firms representing most of the individual claimants who have filed or asserted asbestos-related claims against the Debtors and the Non-Debtor Affiliates. These discussions are advancing and agreements in principle have been reached with certain firms. These settlements will serve as the basis for a section 524(g) plan.

At the same time, the Non-Debtor Affiliates continue to expend significant sums on both (i) administrative expenses of these chapter 11 cases through the court-approved debtor-in-possession financing and (ii) the defense of hundreds of claims asserted against the Non-Debtor

---

1. The debtors in the above-captioned chapter 11 cases (the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: BMI Oldco Inc. (f/k/a Barretts Minerals Inc.) ("BMI") (8715) and Barretts Ventures Texas LLC (0787). The Debtors' address is 5605 North MacArthur Boulevard, Suite 1000, PMB 139, Irving, Texas 75038.

2. "Non-Debtor Affiliates" means BMI's direct parent, Specialty Minerals Inc. ("SMI"), and SMI's direct parent, Minerals Technologies Inc. ("MTI").

Affiliates in state courts across the country alleging that BMI's talc caused the plaintiffs' asbestos-related disease. The Non-Debtor Affiliates remain mindful that every dollar spent on professional fees is a dollar that may not be available to benefit current and future talc claimants, and have discussed with various estate fiduciaries the need to allocate resources towards payment of asbestos-related claims rather than continuing professional fees.[3]

Further detail regarding the District Court proceeding, the Special Committee investigation, the pending state court litigation, and the DIP financing is set forth below.

## I. District Court Proceeding

The Court's report and recommendation set forth in the *Abatement Order and Report and Recommendation to District Court*, entered on May 14, 2025 [Docket No. 1479] (the "Abatement Order") remains *sub judice* before the District Court. During an October 8, 2025 conference in the District Court, Judge Hanks stated that he would quickly determine whether to accept the report and recommendation. *In re BMI Oldco Inc.*, Civ. Act. No. 4:25−cv−02193 (S.D. Tex.).

## II. BMI Special Committee Investigation

The Non-Debtor Affiliates continue to productively engage with BMI's Special Committee, including producing documents and making an additional witness available over the past month. On October 14, 2025, following an extensive investigation by the BMI Special Committee and its professionals, the BMI Special Committee agreed that the Special Committee's professionals have completed enough of their investigation to allow all professionals to direct their efforts toward settlement discussions, rather than investigatory work.

---

3. On April 17, 2025, MTI announced that it recorded a provision to establish a reserve of $215 million for estimated costs to fund a trust to resolve all current and future talc-related claims as well as fund these chapter 11 cases and related litigation costs, inclusive of the $30 million of additional DIP funding approved in April 2025.

### III. Testing Litigation

The Non-Debtor Affiliates continue to defend state court claims related to the safety of BMI's talc. While most of these cases remain stayed because they do not comply with the Stay Order,[4] plaintiffs in several cases are seeking to conduct significant discovery on and litigate in state court the issue that this Court recognized is core to these chapter 11 cases: "whether any of the talc sold by [BMI] contained sufficient quantity and form of asbestos to cause mesothelioma or other asbestos-related diseases." (Abatement Order at 1.)

Trials that the Non-Debtor Affiliates addressed in our prior status report have been dismissed or adjourned:

- On September 30, 2025, a Washington state court stayed a trial scheduled to begin on November 3, 2025 pending disposition of the plaintiffs' motion seeking to appeal the trial court's sanctions order imposed on the plaintiff and her counsel. *LaSalle v. American International Industries, et al.*, Case No. 23-2-08165-0 SEA (Sup. Ct. Wash.).

- On October 28, 2025, a Florida state court dismissed plaintiffs' testing claims against the Non-Debtor Affiliates for lack of personal jurisdiction, and stayed plaintiffs' non-testing claim while the Stay Order remains in place. *Maute v. Barretts Minerals, Inc., et al.*, Case No. CACE-22-008500 (Fla. Cir Ct.).

- On November 4, 2025, a California state court vacated the November 10, 2025 trial date in *Maricich et al. v. Chattem Inc. et al.*, Case No. 25-CV-116787 (Cal. Supp. Ct.) and assigned the case for trial to Superior Court Judge Mark Fickes. A status hearing before Judge Fickes is set for November 6, 2025 to address trial readiness and setting a trial schedule.[5]

---

4. *Order (I) Declaring that the Automatic Stay Prohibits Actions or, in the Alternative, Preliminarily Enjoining Actions Pursuant to 11 U.S.C. § 105* (the "Stay Order"), *Barretts Minerals Inc. v. Those Parties Listed in Appendix A to the Complaint, et al.* Adv. Pro. No. 23-03225 (Bankr. S.D. Tex. Feb. 5, 2024) [Docket No. 92].

5. The Non-Debtor Affiliates' Petition for Writ of Mandate addressing personal jurisdiction remains *sub judice* in the Court of Appeal of the State of California since September 18, 2025. On November 4, 2025, the Non-Debtor Affiliates moved for a temporary stay of trial proceedings against the Non-Debtor Affiliates pending the Court of Appeal's decision on the Writ of Mandate. In addition, briefing on the Non-Debtor Affiliates' motions for summary judgment completed on October 31, 2025.

While no claim against the Non-Debtor Affiliates has gone to trial since the Stay Order was entered, the Non-Debtor Affiliates nonetheless continue to incur significant litigation expenses in connection with these claims, notwithstanding BMI's position, expressed in its March 24, 2025 adversary complaint, that such claims are property of the Debtors' estates.[6] The Non-Debtor Affiliates reported litigation expenses of $14.5 million for the nine-month period ending September 28, 2025, primarily reflecting costs related to BMI talc, including litigating BMI-related talc claims in state courts and cooperating with the BMI Special Committee's investigation.[7]

### IV. DIP Financing Status

Professional fees and expenses in these chapter 11 cases continue to increase at an alarming rate despite this Court's direction on May 14, 2025 that "[t]his Bankruptcy Case and its adversary proceedings are abated until the District Court makes a final determination on the central issue for which withdrawal is recommended." (Abatement Order at 10).

These professional fees are funded through the Debtor-in-Possession Credit Agreement (the "Credit Agreement"), dated as of May 14, 2024, between BMI and Minerals Technologies Investments LLC (an affiliate of MTI) (the "DIP Lender").[8] The Debtors remain in default under the Credit Agreement due to, among other things, significant variances from the Approved Budget.

---

6. *See* Adv. Proc. No. 25-3102 Docket No. 1 (Complaint); 2 (Motion for Summary Judgment); 5 (Motion for Preliminary Injunction).

7. *See* Minerals Technologies Inc. Form 10-Q for Period Ended September 28, 2025, filed October 24, 2025, available at: https://investors.mineralstech.com/sec-filings/sec-filing/10-q/0000891014-25-000162.

8. *See Order (I) Authorizing Debtors to Enter into Post-Petition Financing Agreement and Obtain Post-Petition Financing Pursuant to Section 364 of the Bankruptcy Code. (II) Authorizing Debtors to Enter into Second Amendment to Shared Services Agreement and (III) Granting Related Relief* [Docket No. 917] (approving $30 million DIP financing); *Order (I) Authorizing the Debtors to Enter into an Amendment to the DIP Credit Agreement and (II) Granting Related Relief* [Docket No. 1403] (approving amendment to increase DIP financing commitment to $60 million).

The re-constituted BMI Special Committee projects that its director fees and professional fees and expenses alone will exceed $13 million for the eight-month period between its April 28, 2025 formation and December 31, 2025:

| *In 000s* | May | June | July | August | September | October | November | December | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| **Director Fees** | $300 | $300 | $300 | $300 | $300 | $300 | $300 | $300 | **$2,700** |
| **Norton Rose Fulbright US LLP** | - | $61 | $1,320 | $1,940* | $1,750* | $900* | $5* | $5* | **$5,982** |
| **Togut, Segal & Segal LLP** | - | $417 | $563 | $342 | $385* | $476* | $550* | $550* | **$3,282** |
| **Province, LLC[9]** | - | - | - | $414 | $337* | $300* | $200* | $100* | **$1,350** |
| **TOTAL** | **$300** | **$778** | **$2,184** | **$2,996** | **$2,772** | **$1,976** | **$1,055** | **$955** | **$13,014** |

**\*Estimated fee statements not yet filed**

The Non-Debtor Affiliates reserve all rights with respect to the BMI Special Committee's accrued and projected fees.

The BMI Special Committee costs are only part of the picture. As of September 28, 2025, BMI reported that it had paid more than **$66 million** in professional fees throughout these chapter 11 cases.[10]

The Non-Debtor Affiliates, through the DIP Lender, are committed to funding the reasonable and necessary administrative expenses of the estate, but have serious concerns about

---

9. Province, LLC ("Province") was co-retained between the BMI Special Committee and the Official Committee of Unsecured Creditors (the "UCC") to "avoid unnecessary duplication of effort and reduce the overall cost to the estate." [Docket No. 1639]. Province was originally retained by the pre-petition Ad Hoc Committee of Asbestos Claimants on June 26, 2023. *Id*. Between the pre-petition and post-petition period, Province has been paid or estimates that it will be paid nearly $8 million for its work for the Ad Hoc Committee ($523,626), UCC ($6,040,000), and BMI Special Committee ($1,350,000) through the end of 2025.

10. *See* Monthly Operating Report for the period ended September 28, 2025 [Docket No. 1798].

whether the current burn rate is reasonable or necessary, and question whether the expenditure of these estate resources is prudent given the ongoing direct negotiations among the Debtors, the Non-Debtor Affiliates, and the firms representing the majority of claimants. In light of the foregoing, the Non-Debtor Affiliates reserve all rights with respect to all fee applications.

## CONCLUSION

The Non-Debtor Affiliates remain committed to the success of these chapter 11 cases and can be available for a status conference at the Court's convenience should the Court have any questions.

Dated: November 5, 2025                                   Respectfully submitted,

                                                 */s/   Christopher K. Kiplok*

Christopher K. Kiplok (admitted *pro hac vice*)
Erin E. Diers (admitted *pro hac vice*)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
Emails: chris.kiplok@hugheshubbard.com
erin.diers@hugheshubbard.com

Brendan T. Franzoni (admitted *pro hac vice*)
HUGHES HUBBARD & REED LLP
1100 Walnut Street, Suite 1700
Kansas City, Missouri 64106-2228
Telephone: (816) 709-4129
Facsimile: (816) 709-4198
Email: brendan.franzoni@hugheshubbard.com

*Counsel for the Non-Debtor Affiliates*